IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

FILED BY CLERK

FEB 25 2011

COURT OF APPEALS
DIVISION TWO

JACOB T. OSTERKAMP,                    )
                                       )
                        Petitioner,    )
                                       )
            v.                         )          2 CA-SA 2010-0091
                                       )          DEPARTMENT B
HON. CHRISTOPHER BROWNING, Judge       )
of the Superior Court of the State of Arizona, )  O P I N I O N
in and for the County of Pima,         )
                                       )
                        Respondent,    )
                                       )
            and                        )
                                       )
THE STATE OF ARIZONA, by and through   )
the Pima County Attorney,              )
                                       )
                Real Party in Interest. )
                                       )

SPECIAL ACTION PROCEEDING

Pima County Cause Nos. CR20040659, CR20033788, and CR20091842001

JURISDICTION ACCEPTED; RELIEF GRANTED

Isabel G. Garcia, Pima County Legal Defender
  By Joy Athena                                                    Tucson
                                                   Attorneys for Petitioner

Barbara LaWall, Pima County Attorney
  By Jacob R. Lines                                                Tucson
                                         Attorneys for Real Party in Interest

V Á S Q U E Z, Presiding Judge.

**¶1**        In this special action, petitioner Jacob Osterkamp challenges the respondent judge's order denying his request for counsel in the underlying post-conviction proceeding. For the reasons stated below, we accept jurisdiction and hold that Rule 32.4, Ariz. R. Crim. P., entitles an indigent, pleading defendant to the appointment of counsel in the defendant's second, timely filed post-conviction proceeding so that he may investigate and possibly assert a claim that counsel in the defendant's first, "of-right" post-conviction proceeding had rendered ineffective assistance.

## BACKGROUND

**¶2**        The following facts are either undisputed or established by the scant record with which we have been provided. Pursuant to a plea agreement in three causes, Osterkamp was convicted of three felonies and sentenced to a combination of consecutive and concurrent aggravated prison terms. He sought post-conviction relief pursuant to Rule 32, and the respondent judge granted him partial relief.

**¶3**        Within thirty days of the July 2010 minute entry order granting Osterkamp partial relief, he filed a second notice of post-conviction relief, which the respondent dismissed summarily. Osterkamp requested that the respondent reinstate the post-conviction proceeding in light of this court's recent decision in *State v. Petty*, 225 Ariz. 369, 238 P.3d 637 (App. 2010). Osterkamp also requested that counsel be appointed to represent him. The respondent reinstated the post-conviction proceeding but, stating he was "[e]xercising [his] discretion," denied Osterkamp's request for counsel. Osterkamp filed a motion for reconsideration, which the respondent denied, apparently staying the post-conviction proceeding while Osterkamp sought special action relief from this court.

2

**SPECIAL ACTION JURISDICTION**

**¶4** We accept jurisdiction of this special action for several reasons. First, the challenged order is interlocutory and Osterkamp has no "equally plain, speedy, and adequate remedy by appeal." Ariz. R. P. Spec. Actions 1; *see Potter v. Vanderpool*, 225 Ariz. 495, ¶ 7, 240 P.3d 1257, 1260 (App. 2010) (appropriate to accept special action jurisdiction to review interlocutory order); *cf. J.A.R. v. Superior Court*, 179 Ariz. 267, 272, 275-78, 877 P.2d 1323, 1328, 1331-34 (App. 1994) (accepting jurisdiction of denial of motion to intervene and addressing, inter alia, whether child party entitled to independent counsel and counsel of choice); *Okeani v. Superior Court*, 178 Ariz. 180, 181, 871 P.2d 727, 728 (App. 1993) (finding order denying counsel's motion to withdraw proper subject for special action review). Second, even assuming Osterkamp could raise this issue in a petition for review of the final order ultimately entered in the underlying proceeding, *see* Ariz. R. Crim. P. 32.9, such a review is not the same as a direct appeal. *See* A.R.S. § 13-4033(A) (identifying orders from which defendant in criminal action may seek direct appeal as matter of right); *State v. Whipple*, 177 Ariz. 272, 274 & n.4, 866 P.2d 1358, 1360 & n.4 (App. 1993) (citing Rule 32.9(f) and noting review of order in post-conviction proceeding by appellate court discretionary).

**¶5** But even assuming the review of a final order entered in a post-conviction proceeding obtained pursuant to Rule 32.9 is substantively indistinguishable from review by direct appeal, that review nevertheless would be inadequate here. *See* Ariz. R. P. Spec. Actions 1 (special action jurisdiction should be accepted when remedy by appeal not "equally plain, speedy, and adequate"). As Osterkamp correctly points out, if the

3

case is permitted to proceed, once a final order is entered, he will have been deprived of the assistance of counsel and the damage will have been done. *Cf. Washington v. Superior Court*, 180 Ariz. 91, 93, 881 P.2d 1196, 1198 (App. 1994) (accepting special action jurisdiction, finding remedy of post-conviction proceeding inadequate because probationer would have served period of incarceration while proceeding was pending). Osterkamp also is at risk for further prejudice because in any successive proceeding, he will be precluded from raising any claim that he did not raise but could have raised in this proceeding, and perhaps would have raised had he been provided with counsel's assistance. *See* Ariz. R. Crim. P. 32.2(a)(3) (precluding defendant from obtaining relief based on claim waived "in any previous collateral proceeding"); *see also State v. Shrum*, 220 Ariz. 115, ¶¶ 5-6, 12, 203 P.3d 1175, 1177-78 (2009) (noting "preclusive effect of the dismissal of [defendant]'s first [Rule 32] proceeding" on claim of illegal sentence; finding rule precludes relief on ground raised or that could have been raised on direct appeal or previous Rule 32 proceeding); *Petty*, 225 Ariz. 369, ¶ 10, 238 P.3d at 640 (acknowledging "Rule 32.2(a) states the general rule of preclusion" and finding defendants may not seek relief based on claim raised or that could have been raised); *State v. Swoopes*, 216 Ariz. 390, ¶¶ 23-25, 166 P.3d 945, 952-53 (App. 2007) (finding precluded in successive proceeding claims of ineffective assistance of counsel not raised but which could have been raised in first post-conviction proceeding).

¶6　　　　　Additionally, the issue raised requires us to interpret various provisions of Rule 32. Interpretation of procedural rules involves questions of law, which are appropriately reviewed by special action. *See State v. Nichols*, 224 Ariz. 569, ¶ 2, 233

4

P.3d 1148, 1149 (App. 2010). Finally, because the respondent abused his discretion, post-conviction relief is warranted. *See* Ariz. R. P. Spec. Actions 3(c).

**DISCUSSION**

¶7 A pleading defendant does not have the right to a direct appeal from a conviction and sentence. *See* A.R.S. § 13-4033(B); Ariz. R. Crim. P. 17.1(e). But a pleading defendant does have the right to obtain review by the trial court pursuant to Rule 32 in what the rule defines as "a rule 32 of-right proceeding." Ariz. R. Crim. P. 32.1. "[F]or a pleading defendant, Rule 32 is 'the only means available for exercising the [defendant's] constitutional right to appellate review.'" *Petty*, 225 Ariz. 369, ¶ 9, 238 P.3d at 640, *quoting Montgomery v. Sheldon*, 181 Ariz. 256, 258, 889 P.2d 614, 616, *supp. op.*, 182 Ariz. 118, 893 P.2d 1281 (1995) (alteration in *Petty*).

¶8 Osterkamp contends this court's decision in *Petty* "compels the conclusion that appointment of counsel should be mandatory" here, as does the case law establishing that a pleading defendant's of-right proceeding is tantamount to an appeal. He maintains the rule and a comment to it are "flawed" to the extent they give the trial court discretion to determine whether to appoint counsel in all but the first post-conviction proceeding. Arguing the second proceeding is still part of the "of-right" proceeding for the pleading defendant, Osterkamp asserts, as he did below, that without the assistance of counsel, a pleading defendant is unable to "vindicate" the recognized right to the effective assistance of counsel in the first "of right" Rule 32 proceeding. He also maintains that, unless the appointment of counsel is mandatory in these circumstances, the rule cannot be administered fairly because "there is no objective basis on which trial courts" can make

5

that decision. Real party in interest the State of Arizona suggests the rule is unclear but contends, based in part on the same comment Osterkamp rejects, any defendant seeking post-conviction relief has the right to appointed counsel in the first proceeding only. The state asserts in all other situations that decision is left to the discretion of the trial judge. And here, it argues, the respondent did not abuse his discretion.

¶9 In *Petty*, we reversed the trial court's summary dismissal of the pleading defendant's second notice of post-conviction relief in which he had expressed his intent to investigate and possibly raise a claim of ineffective assistance of counsel in his first post-conviction proceeding. 225 Ariz. 369, ¶¶ 1, 3, 238 P.3d at 638-39. Petty also stated in the notice that the Legal Defender's Office had represented him in the first proceeding, and he asked the court to appoint counsel from outside that office. *Id.* ¶ 3. The court dismissed the notice because Petty had failed to specify which exception to the rule of preclusion the claims he intended to raise fell under and the "meritorious reasons for not raising the claim in the previous petition," as required by Rule 32.2(b). *Id.* ¶ 4. *Petty*, 225 Ariz. 369, ¶ 4, 238 P.3d at 639.

¶10 Petty had made clear his intent to investigate and possibly raise a claim of ineffective assistance of initial Rule 32 counsel, a claim that falls under Rule 32.1(a).[1] *Petty*, 225 Ariz. 369, ¶ 11, 238 P.3d at 641. We concluded that, although claims under

---

[1]Rule 32.1(a) provides the following among the grounds for obtaining post-conviction relief: "The conviction or the sentence was in violation of the Constitution of the United States or of the State of Arizona." As we noted in *Petty*, both case law and the comment to the rule establish that a claim of ineffective assistance of counsel is cognizable under this subsection of Rule 32.1. *Petty*, 225 Ariz. 369, ¶ 11, 238 P.3d at 641.

that subsection are not excepted from the general rule of preclusion, *see* Ariz. R. Crim. P. 32.2(b), Petty nevertheless could not be precluded from raising it in a successive post-conviction proceeding because he could not have raised it in the first proceeding. *Petty*, 225 Ariz. 369, ¶ 11, 238 P.3d at 641. As we acknowledged, counsel could not be expected to evaluate and assert his or her own ineffectiveness. *Id*. ¶ 13, *citing State v. Bennett*, 213 Ariz. 562, ¶ 14, 146 P.3d 63, 67 (2006) (where non-pleading defendant represented by same counsel on appeal and in Rule 32 proceedings, defendant did not waive and was not precluded from raising in successive proceeding claim of ineffective assistance of appellate counsel for failing to raise same in first post-conviction proceeding). We concluded that Rule 32.2(b) was not implicated and, therefore, the trial court had erred by "examin[ing] only whether Petty's notice had identified nonprecluded claims falling within subsections (d) through (h) of Rule 32.1 and whether the notice contained the language required by Rule 32.2(b)." *Petty*, 225 Ariz. 369, ¶ 12, 238 P.3d at 641. We added that, because Petty had "asked for the appointment of different counsel to evaluate whether he might have a claim of ineffective assistance of his previous, of-right counsel that he could raise in the subsequent proceeding," the notice of post-conviction relief contained "sufficient [information] to avoid a summary dismissal . . . ." *Id*. ¶ 14.

**¶11** Although *Petty* informs our decision here, the issue in this special action is distinct. There, the question was whether the notice was sufficient to withstand summary dismissal. Here, the question we must answer is whether the respondent judge erred in finding he had discretion to decide whether to appoint counsel in Osterkamp's second post-conviction proceeding so that Osterkamp could investigate and possibly assert a

7

claim that his first Rule 32 counsel had been ineffective, and then denying Osterkamp's request in the exercise of that discretion. Our decision in *Petty* suggested, but neither expressly addressed nor specifically stated, that upon remand of his case to the trial court, Petty was entitled to appointed counsel. We conclude Osterkamp was entitled to appointed counsel based on the plain language of the rule and that the respondent judge abused his discretion by refusing Osterkamp's repeated requests for counsel. *See Potter*, 225 Ariz. 495, ¶ 14, 240 P.3d at 1262 (when judge "err[s] as a matter of law" he abuses discretion).

**¶12** Rule 32.4 governs the commencement of post-conviction proceedings and the appointment of counsel. Subsection (a) of the rule establishes the time within which a notice of post-conviction relief must be filed. With respect to "of-right proceedings," the rule provides that "the notice must be filed within ninety days after the entry of judgment and sentence or within thirty days after the issuance of the final order or mandate by the appellate court in the petitioner's first petition for post-conviction proceeding." The rule also prescribes the time within which non-pleading defendants in capital and non-capital cases must commence post-conviction proceedings. Ariz. R. Crim. P. 32.4(a).[2]

**¶13** Rule 32.4(c)(2) provides the following with respect to the appointment of counsel in of-right and non-capital cases:

---

[2]The rule provides that "[i]n all other non-capital cases," that is, other than those involving pleading defendants, addressed in the preceding sentence, "the notice must be filed within ninety days after the entry of judgment and sentence or within thirty days after the issuance of the order and mandate in the direct appeal, whichever is the later." Ariz. R. Crim. P. 32.4(a).

8

Upon the filing of a timely or first notice in a Rule 32 proceeding, the presiding judge, or his or her designee, shall appoint counsel for the defendant within 15 days if requested and the defendant is determined to be indigent. Upon the filing of all other notices in non-capital cases, the appointment of counsel is within the discretion of the presiding judge.

¶14　　　"In interpreting rules, we apply the same principles we use in interpreting statutes." *Petty*, 225 Ariz. 369, ¶ 7, 238 P.3d at 640. Accordingly, we must determine and give effect to our supreme court's intent in promulgating the rule, *id.*, "keeping in mind that the best reflection of that intent is the plain language of the rule," *Potter*, 225 Ariz. 495, ¶ 8, 240 P.3d at 1260. Unless a rule is unclear or ambiguous, we will not employ other principles of construction to determine its meaning and the supreme court's intent in promulgating it.[3] *Id.*

¶15　　　The relevant provisions of Rule 32.4 are clear. Rule 32.4(c)(2) provides that in of-right and non-capital cases, the trial court must appoint counsel for the indigent defendant in two circumstances: "[u]pon the filing of a timely *or* first notice in a Rule 32 proceeding." (Emphasis added.) Thus, both pleading and non-pleading defendants are clearly entitled to counsel in the first post-conviction proceeding. But a defendant who files a "timely" notice, as defined in subsection (a) of the rule, is also entitled to counsel. Because the rule is phrased in the disjunctive, "timely" notices must mean something different than first notices of post-conviction relief. Otherwise, the word "timely" would

---

[3]It is undisputed that Osterkamp is indigent. An assistant legal defender from the office of the Pima County Legal Defender was appointed to represent him in the first post-conviction proceeding, filed the second notice of post-conviction relief, sought the appointment of different counsel in that proceeding, and has filed this special action on Osterkamp's behalf.

be superfluous. "In construing a rule . . . we consider it and any related rules as a whole, attempting to give meaning to every word, and not making any word superfluous." *Alejandro v. Harrison*, 223 Ariz. 21, ¶ 8, 219 P.3d 231, 234 (App. 2010) (citations omitted).

¶16 Had the rule read, "[u]pon the filing of a timely, first notice," the mandatory appointment of counsel would have been limited to first proceedings that have been timely filed. But this is not how the rule reads. Instead, rather than limiting first notices to those that are timely, it distinguishes a "timely" notice from one that is first, establishing the two circumstances in which the trial court must appoint counsel.

¶17 Rule 32.4(a) identifies what a "timely" notice is for purposes of the rest of the rule and, in particular, subsection (c)(2). In an of-right proceeding, a "timely" notice is one filed within ninety days after the entry of judgment and sentence, clearly contemplating the pleading defendant's first post-conviction proceeding following a conviction. It is also a notice filed within thirty days either after the trial court has entered a final order in the first post-conviction proceeding or, if the defendant seeks review of the trial court's ruling pursuant to Rule 32.9, Ariz. R. Crim. P., within thirty days after this court issues its mandate. Based on its plain language, the rule therefore affords counsel to pleading defendants in their first post-conviction proceeding and, assuming the first proceeding is the one that immediately follows conviction, in the subsequent proceeding, assuming the notice is timely filed. And based on this subsection, the of-right proceeding includes the first post-conviction proceeding as well as the timely filed proceeding that follows it.

¶18    Our interpretation of the rule is consistent with case law that characterizes the pleading defendant's first post-conviction proceeding as the equivalent of a non-pleading defendant's appeal and acknowledges the pleading defendant's right to the effective assistance of counsel in that proceeding. *See Evitts v. Lucey*, 469 U.S. 387, 396 (1985) (due process entitles defendant to effective appellate counsel); *State v. Berlat*, 146 Ariz. 505, 509, 707 P.2d 303, 307 (1985) (same); *see also State v. Jackson*, 209 Ariz. 13, ¶ 3, 97 P.3d 113, 115 (App. 2004) (recognizing non-pleading defendant has right to effective assistance of appellate counsel and "ineffective assistance of appellate counsel is a cognizable Rule 32 claim"); *State v. Herrera*, 183 Ariz. 642, 646, 905 P.2d 1377, 1381 (App. 1995) (same). By comparison, a non-pleading defendant "is entitled to a direct appeal with the assistance of counsel" and has the parallel right to challenge the effectiveness of appellate counsel in what will usually be his or her first post-conviction proceeding. But, the non-pleading defendant has "no constitutional right to counsel or effective assistance in post-conviction proceedings"; although the non-pleading defendant has the right to effective representation on appeal, he has no "valid, substantive claim under Rule 32" for "ineffective assistance on a prior [post-conviction relief] petition." [4]

---

[4]The case before us presents questions relating to the rights of a pleading defendant only. Nevertheless, we note that, consistent with the case law establishing a non-pleading defendant does not have the right to effective representation in a post-conviction proceeding, *see, e.g.*, *State v. Mata*, 185 Ariz. 319, 336, 916 P.2d 1035, 1052 (1996), Rule 32.4(a) does not include among the timely notices a non-pleading defendant may file, one that correlates to a petition for post-conviction relief. But for a non-pleading defendant, like a pleading defendant, there are two categories of timely notices: one filed within the specified period after the judgment of conviction and sentence, and the other after the appeal is complete. Ariz. R. Crim. P. 32.4(a). Thus, although a non-pleading defendant is encouraged to wait for the resolution of the appeal before seeking

*State v. Krum*, 183 Ariz. 288, 292 & n.5, 903 P.2d 596, 600 & n.5 (1995); *cf. State v. Mata*, 185 Ariz. 319, 336, 916 P.2d 1035, 1052 (1996) (holding non-pleading defendant has no constitutional right to effective assistance of counsel in post-conviction proceeding, notwithstanding state-created right to representation).

¶19            In *State v. Pruett*, 185 Ariz. 128, 130, 912 P.2d 1357, 1359 (App. 1995), this court examined the nature of the pleading defendant's rights to review and counsel and how Rule 32 serves as the procedural conduit for the defendant's exercise of these rights. The pleading defendant's second and third notices of post-conviction relief had been summarily dismissed because they were untimely filed. 185 Ariz. at 130, 912 P.2d at 1359. On review, the court addressed whether the defendant was entitled to assert in a second post-conviction proceeding the ineffectiveness of counsel who had represented him in the first proceeding. *Id.* at 130-31, 912 P.2d at 1359-60. Observing that the right to effective representation arises out of principles of due process and equal protection, the court noted that this right "only 'extends to the first appeal of right, and no further.'" *Id.* at 130, 912 P.2d at 1359, *quoting Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Because the pleading defendant's only means of obtaining appellate review is through a Rule 32 proceeding, the court reasoned, he "is constitutionally entitled to the effective

---

post-conviction relief so that all claims may be raised in one proceeding, *see generally Krone v. Hotham*, 181 Ariz. 364, 366-67, 890 P.2d 1149, 1151-52 (1995); *State v. Rosales*, 205 Ariz. 86, ¶¶ 13-14, 66 P.3d 1263, 1267-68 (App. 2003), conceivably the defendant could seek relief in a first post-conviction proceeding commenced while the appeal is pending and raise a claim of ineffective assistance of appellate counsel in a second, timely filed post-conviction proceeding. The defendant would be entitled to counsel in both timely filed proceedings based on the plain language of the rule, but in no other successive proceeding.

12

assistance of counsel on his first [of-right] petition for post-conviction relief, the counterpart of a direct appeal." *Pruett*, 185 Ariz. at 131, 912 P.2d at 1360. Thus, the pleading defendant must be given the "opportunity to assert a claim" of ineffective assistance of initial Rule 32 counsel; "the obvious method is by means of a second petition for post-conviction relief." *Id.*

¶20 The right to the effective assistance of counsel in the first Rule 32 proceeding is meaningless unless the pleading, indigent defendant is afforded counsel in the second proceeding. *Cf. John M. v. Ariz. Dep't of Econ. Sec.*, 217 Ariz. 320, ¶ 13, 173 P.3d 1021, 1025 (App. 2007) (characterizing right to counsel as "'illusory' without remedy for ineffective assistance"), *quoting In re Geist*, 796 P.2d 1193, 1200 (Or. 1990). And that it must be a different attorney than the one who represented the defendant in the first proceeding was made clear by our supreme court in *Bennett*, as we noted in *Petty*. 225 Ariz. 369, ¶ 13, 238 P.3d at 641. In *Bennett*, the court found the trial court had erred in finding the non-pleading defendant precluded from raising a claim of ineffective assistance of appellate counsel in his second post-conviction proceeding. 213 Ariz. 562, ¶¶ 1, 10, 13, 146 P.3d at 63, 65-67 (2006). The defendant had raised a claim of ineffective assistance of trial counsel in the first Rule 32 proceeding. *Id.* ¶ 8. The court reasoned that because initial Rule 32 counsel and appellate counsel was the same person, counsel could not be expected to argue his own ineffectiveness. *Id.* ¶ 14.

¶21 Our reading of the rule is consistent with the 2000 comment to Rule 32.4(a), which provides that the rule was amended "to meet the requirements of *Montgomery* and . . . *Pruett* . . . ." Ariz. R. Crim. P. 32.4, cmt. 2000 amend.

13

Acknowledging that *Pruett* recognizes the pleading defendant's right to the effective assistance of initial Rule 32 counsel, "the counterpart to a direct appeal," the comment adds, "the rule is amended to allow the pleading defendant thirty days within which to file a second notice if the defendant seeks to challenge counsel's effectiveness in the Rule 32 of-right proceeding." Ariz. R. Crim. P. 32.4, cmt. 2000 amend. This second proceeding is the "timely" proceeding referred to in Rule 32.4(c)(2).

¶22 We also must address the comment to Rule 32.4(c)(2), which reads: "Paragraph (2) requires appointment of counsel upon the timely filing of a first notice in a Rule 32 proceeding, when requested, but makes all other appointments of counsel in non-capital cases discretionary." Ariz. R. Crim. P. 32.4, cmt. 2000 amend. We acknowledge the comment could be viewed as expressing our supreme court's intent that the 2000 amendment to that subsection was intended to limit the mandatory appointment of counsel for all defendants in non-capital cases to the first post-conviction proceeding.[5]

---

[5]We note that before Rule 32.4 was amended on October 31, 2000, effective December 1, 2000, it had provided that the trial court was required to appoint counsel for an indigent defendant "[u]pon the filing of [the] first notice . . . in a non-capital case, or the second or subsequent notice in a non-capital case which, for the first time, raises a claim of ineffective assistance of counsel . . . ." 198 Ariz. CXV. By eliminating the last sentence and replacing it with "timely or first," and defining "timely" in subsection (a) to include the pleading defendant's second post-conviction proceeding, the supreme court limited the circumstances in which a defendant must be appointed counsel. The effect of this amendment is to encourage non-pleading defendants to raise claims of ineffective assistance of trial or appellate counsel in the first post-conviction proceeding, rather than any successive proceeding, and similarly to encourage pleading defendants to raise claims of ineffective assistance of Rule 32 of-right counsel in the second post-conviction proceeding, which was precisely the purpose for which that second proceeding was designed.

14

**¶23** To the extent the comment is inconsistent with the rule with respect to pleading defendants, we need not rely on it because the rule's language is clear and unambiguous. *See State v. Canaday*, 119 Ariz. 335, 336, 580 P.2d 1189, 1190 (1978) (clear language of Rule 17.6, Ariz. R. Crim. P., governs when defendants admit prior conviction for purposes of increasing punishment and as element of offense, despite comment that rule "applies only to prior offenses which are an element of the crime"); *see also* Ariz. R. Crim. P. 17.6 cmt. Moreover, comments, like notes and section headings, "do not constitute substantive portions of the Rules of Criminal Procedure." *State v. Bernecker*, 164 Ariz. 200, 201, 791 P.2d 1083, 1084 (App. 1990). We follow the language of the rule, not what appears to be an inconsistent comment as applied to pleading defendants.

**¶24** Again, as discussed above, our supreme court repeatedly has clarified in this context that, for a pleading defendant, the first post-conviction petition is the procedural equivalent of a first appeal. *See Pruett*, 185 Ariz. at 131, 912 P.2d at 1360. For pleading defendants, a timely second post-conviction proceeding raising a claim of ineffective assistance of Rule 32 counsel in the first post-conviction proceeding is the procedural equivalent of a first post-conviction proceeding commenced by a non-pleading defendant who wishes to raise a claim of ineffective assistance of appellate counsel. *Id.*

**¶25** We conclude the respondent judge abused his discretion in denying Osterkamp's initial request for counsel and denying his motion for reconsideration. *See* Ariz. R. P. Spec. Actions 3(c) (special action relief may be granted when respondent

15

judge abused discretion).  Because the respondent did not have the discretion to deny Osterkamp counsel in his second proceeding, he erred as a matter of law.[6]  Granting special action relief, we vacate the respondent's ruling and direct him to appoint counsel in the underlying post-conviction proceeding.

/s/ *Garye L. Vásquez*
GARYE L. VÁSQUEZ, Presiding Judge

CONCURRING:

/s/ *Peter J. Eckerstrom*
PETER J. ECKERSTROM, Judge

/s/ *Virginia C. Kelly*
VIRGINIA C. KELLY, Judge

---

[6]We note that, even if the decision were discretionary, given the pleading defendant's right to the effective assistance of counsel in the first of-right proceeding, we would regard the denial of counsel here an abuse of that discretion and would, in any event, grant special action relief.