IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

|  |  |  |
|---|---|---|
| THE STATE OF ARIZONA, | ) | 2 CA-CR 2011-0139-PR |
|  | ) | DEPARTMENT B |
| Respondent, | ) |  |
|  | ) | O P I N I O N |
| v. | ) |  |
|  | ) |  |
| ROBERT TAYLOR HARDEN, | ) |  |
|  | ) |  |
| Petitioner. | ) |  |
|  | ) |  |

PETITION FOR REVIEW FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. CR20093875001

Honorable John S. Leonardo, Judge

REVIEW GRANTED; RELIEF DENIED

Robert T. Harden                                    Florence
                                              In Propria Persona

E S P I N O S A, Judge.

¶1          Robert Harden seeks review of the trial court's summary denial of his notice of post-conviction relief, filed pursuant to Rule 32, Ariz. R. Crim. P. After entering into a plea agreement, Harden was convicted in April 2010 of one count of child molestation and one count of "molestation of a child in the second degree, . . . a

preparatory . . . crime," both dangerous crimes against children. The court sentenced him to a minimum, ten-year prison term for the molestation count and imposed lifetime probation for the preparatory offense.

¶2 In March 2011, Harden filed his first, untimely, notice of post-conviction relief, in which he alleged he had "discovered a significant omission or error on his contract for 'Uniform Conditions of Supervised Probation'" that "introduces a condition of uncertainty regarding the legal merits of the sentence." On the notice form, Harden indicated his claims were grounded in Rule 32.1(e), which permits claims based on "newly discovered material facts," and Rule 32.1(f), which excuses untimely filing of a notice of post-conviction relief of right if the failure to file timely was "without fault on the defendant's part." Harden also included a request for the appointment of counsel.

¶3 The trial court summarily dismissed Harden's notice, citing Rule 32.2(b), which provides, in relevant part,

> When a claim under Rules 32.1(d), (e), (f), (g) and (h) is to be raised in a successive or untimely post-conviction relief proceeding, the notice of post-conviction relief must set forth the substance of the specific exception and the reasons for not raising the claim in the previous petition or in a timely manner. If the specific exception and meritorious reasons do not appear substantiating the claim and indicating why the claim was not stated in the previous petition or in a timely manner, the notice shall be summarily dismissed.

The court appears to have found Harden's "discovery" of an ambiguity in his terms of probation insufficient to explain his delay in filing for post-conviction relief, noting that the record "reflects that he reviewed and signed that document on the day of sentencing."

2

We review the court's summary denial of post-conviction relief for an abuse of discretion, but we review de novo the court's interpretation of relevant rules. *State v. Martinez*, 226 Ariz. 464, ¶ 6, 250 P.3d 241, 243 (App. 2011).

**Discussion**

**¶4** On review, Harden asserts the merits of his claim, disagrees with the trial court's findings, and seems to argue he should have been permitted to file a petition before the court considered summary dismissal of his claims.[1] But Rule 32.2(b) clearly provides for summary dismissal based on an insufficient notice in an untimely or successive petition, and we see no abuse of discretion in the court's determination that Harden's reasons for filing his Rule 32 notice more than seven months past the deadline, as stated or implied in his notice, lacked merit.

**¶5** Harden also argues the trial court "erred in its 'summary' dismissal of [his] 'notice' without benefit of counsel who would've provided the content required by the . . . court." Relying on Rule 32.4(c)(2), he maintains the court should have appointed counsel before considering whether his notice was subject to summary dismissal pursuant to Rule 32.2(b).

**¶6** "In interpreting rules, we apply the same principles we use in interpreting statutes." *State v. Petty*, 225 Ariz. 369, ¶ 7, 238 P.3d 637, 640 (App. 2010). We thus

---

[1]We decline to address Harden's additional argument that we should accept review "because the [trial] court's decision effectively relieves [him] of any obligation to comply with any 'Special Conditions of Probation' after his release." Our silence on the issue signals neither our agreement with nor acquiescence in this novel proposition.

endeavor to "determine and give effect to our supreme court's intent in promulgating the rule . . . 'keeping in mind that the best reflection of that intent is the plain language of the rule.'" *Osterkamp v. Browning*, 226 Ariz. 485, ¶ 14, 250 P.3d 551, 555 (App. 2011), *quoting Potter v. Vanderpool*, 225 Ariz. 495, ¶ 8, 240 P.3d 1257, 1260 (App. 2010). "As with statutes, court rules 'should be harmonized wherever possible and read in conjunction with each other.'" *Haroutunian v. Valueoptions, Inc.*, 218 Ariz. 541, ¶ 25, 189 P.3d 1114, 1123 (App. 2008), *quoting State v. Hansen*, 215 Ariz. 287, ¶ 7, 160 P.3d 166, 168 (2007).

¶7         In *Osterkamp*, we considered whether, pursuant to Rule 32.4(c)(2), a pleading defendant was entitled to appointment of counsel in a timely filed, second post-conviction proceeding, in order to "investigate and possibly assert a claim that counsel in [his] first, 'of-right' post-conviction proceeding had rendered ineffective assistance." *Osterkamp*, 226 Ariz. 485, ¶ 1, 250 P.3d at 552. In that case, the trial court initially summarily dismissed Osterkamp's second notice of post-conviction relief, apparently finding he had failed to state a claim permitted in a successive or untimely notice, based on limitations imposed by Rule 32.2(b). The court then reinstated the proceeding based on our decision in *Petty*.[2]   *Id.* ¶ 3. When the court denied his request for appointed counsel, Osterkamp petitioned for special action relief. *Id.*

---

[2]In *Petty*, we concluded that, notwithstanding the limitations on untimely or successive claims found in Rule 32.2(b), a pleading defendant, who is constitutionally entitled to effective assistance of counsel in his first, of-right proceeding, may challenge, in a second proceeding, that counsel's performance, because the second Rule 32

4

**¶8** In granting relief, we considered the plain language of the requirement that counsel be appointed when requested by an indigent defendant "[u]pon the filing of a timely or first notice in a Rule 32 proceeding." *Id.* ¶¶ 11, 13, 15, *quoting* Ariz. R. Crim. P. 32.4(c)(2). Noting that "the rule is phrased in the disjunctive," we stated,

> Had the rule read, "[u]pon the filing of a timely, first notice," the mandatory appointment of counsel would have been limited to first proceedings that have been timely filed. But this is not how the rule reads. Instead, rather than limiting first notices to those that are timely, it distinguishes a "timely" notice from one that is first, establishing the two circumstances in which the trial court must appoint counsel.

*Id.* ¶¶ 15-16. Thus, to the extent Harden asserts, as a general matter, that he is entitled to appointment of counsel after filing his "first"—albeit untimely—notice of post-conviction relief, *Osterkamp* may be read to support his claim.

**¶9** But, in essence, Harden's argument pertains to the timing of the appointment of counsel, pursuant to Rule 32.4(c)(2), when considered in the context of Rule 32.2(b), which directs the trial court to review an untimely notice to ensure it contains "meritorious reasons" substantiating a non-precluded claim and "indicating why the claim was not stated . . . in a timely manner" and to dismiss a notice that fails to meet these threshold requirements. According to Harden, because Rule 32.4(c)(2) specifies that "the presiding judge, or his or her designee," shall appoint counsel "[u]pon" a defendant's filing of a first notice of post-conviction relief, *id.*, and because Rule 32.4(e) refers to the assignment of the matter "to the sentencing judge where possible," *id.*, "the

proceeding provides the first opportunity to raise such a claim. 225 Ariz. 369, ¶ 11, 238 P.3d at 641.

5

Law provides access to Counsel *prior* to assignment of a Judge to preside over [the Rule 32 proceeding]."

¶10        Although we agree the language in Rule 32.4(c)(2) suggests counsel should be appointed promptly, nothing in Rule 32.4 mandates the legal principle Harden proposes. Specifically, the rule requires that counsel be appointed "within 15 days if requested and the defendant is determined to be indigent." Ariz. R. Crim. P. 32.4(c)(2). Pursuant to Rule 32.4(a), (c), and (e), a notice of post-conviction relief is filed "with the court in which the [defendant's] conviction occurred" and "assigned to the sentencing judge where possible"; it generally is not subject to a delayed assignment by the presiding judge. Ordinarily, the "assignment" of the proceeding is effective upon the filing of the notice, and thus would precede any appointment of counsel. In addition, Rule 32.4(c)(2) provides that, once appointed, "counsel for the defendant shall have sixty days . . . to file a petition raising claims under Rule 32.1."

¶11        We cannot disregard the reference in Rule 32.2(b) to "untimely" as well as "successive" petitions. Commenting on the "important societal interests" served by related rules of preclusion found in Rule 32.2(a), our supreme court has observed,

> By requiring that all post-conviction claims be raised promptly, Rule 32.2(a) not only serves important principles of finality, . . . but also allows any relief to be issued at a time when the interests of justice, from the perspectives of the defendant, the State, and the victim, can be best served. If a new trial or further proceedings are required, these can take place promptly, before the defendant has suffered undue prejudice and evidence becomes stale.

6

*State v. Shrum*, 220 Ariz. 115, ¶¶ 12-13, 203 P.3d 1175, 1178 (2009). These same interests are served by the special requirements imposed by Rule 32.2(b) when a defendant files an untimely notice. Nothing in Rule 32.2(b) suggests that counsel must be appointed for an indigent defendant before a trial court conducts the preliminary review mandated by that rule, and we decline to impose such a requirement. Indeed, to do so would effectively eviscerate the applicable time limits and the trial courts' gate-keeping function to dismiss facially non-meritorious notices.

**¶12**     We find no fault with the trial court's straightforward application of Rule 32.2(b). Accordingly, although we grant review, relief is denied.

/s/ *Philip G. Espinosa*
PHILIP G. ESPINOSA, Judge

CONCURRING:

/s/ *Garye L. Vásquez*
GARYE L. VÁSQUEZ, Presiding Judge

/s/ *Virginia C. Kelly*
VIRGINIA C. KELLY, Judge