IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

| | | |
|---|---|---|
| STAR PUBLISHING CO., an Arizona corporation, | ) ) ) | 2 CA-SA 2011-0095 DEPARTMENT B |
| Petitioner, | ) ) | O P I N I O N |
| v. | ) ) | |
| HON. DEBORAH BERNINI, Judge of the Superior Court of the State of Arizona, in and for the County of Pima, | ) ) ) ) | |
| Respondent, | ) ) | |
| and | ) ) | |
| THE STATE OF ARIZONA and TIMOTHY LYNN KREUS, | ) ) ) | |
| Real Parties in Interest. | ) ) | |

SPECIAL ACTION PROCEEDING

Pima County Cause No. CR20100688001

JURISDICTION ACCEPTED; RELIEF DENIED

Lewis and Roca LLP
By D. Douglas Metcalf and Kimberly A. Demarchi                    Tucson
                                                     Attorneys for Petitioner

Barbara LaWall, Pima County Attorney
  By Jacob R. Lines                                                  Tucson
                                    Attorneys for Real Party in Interest
                                                     The State of Arizona

Robert J. Hirsh, Pima County Public Defender
 By Donald S. Klein and Sheena S. Chawla                                    Tucson
                                        Attorneys for Real Party in Interest
                                                    Timothy Lynn Kreus

K E L L Y, Judge.

¶1        In this special action, petitioner Star Publishing Co. (the Star), challenges respondent Judge Deborah Bernini's denial of its request made pursuant to Rule 122, Ariz. R. Sup. Ct., to photograph proceedings in the jury trial of real-party-in-interest Timothy Kreus. The Star argues the respondent erred by denying its request without holding a hearing before trial or making specific findings, by considering the timeliness of the request as a basis for denying it, and by "prohibiting access entirely rather than entering an order tailored to [her] specific concerns about privacy and safety." We accept jurisdiction but deny relief.

¶2        Two working days[1] before Kreus's criminal trial was scheduled to begin, a representative of the Star filed a request pursuant to Rule 122 that the Star be permitted to photograph the proceedings. The respondent judge summarily denied the request because she had been "advised of an objection to a camera being in the courtroom." The Star moved for reconsideration, asserting Rule 122 requires that objections be made on the

---

[1]The respondent stated the Star's request was filed five days before trial. We observe that the Star filed the request "very late" on Thursday, September 15, 2011, or very early the following morning, and trial was scheduled to begin Tuesday, September 20, leaving only two working days during which the respondent could have notified the parties, scheduled a hearing, or otherwise could have addressed the Star's request. *See* Ariz. R. Civ. P. 6(a) (weekends excluded from time computation when "period of time specified . . . is less than 11 days").

record and that the respondent conduct a hearing and make necessary findings before denying the request. On the third day of trial, the respondent conducted a brief hearing in which she outlined the objections to the Star's request and heard argument from the Star's counsel. The respondent acknowledged that Rule 122 required her to conduct a hearing, but explained she had denied the request summarily, in part, because of when it had been made and, given her court calendar,[2] it was not possible to conduct a hearing before trial was scheduled to begin. The respondent also outlined other bases for her rejection of the Star's request, including privacy and security concerns for the victims, defendant, and witnesses. The respondent denied the motion for reconsideration, and this petition for special action followed.

¶3         We first address whether we should accept jurisdiction over this special action. *See Potter v. Vanderpool*, 225 Ariz. 495, ¶ 6, 240 P.3d 1257, 1260 (2010) ("Whether to accept special action jurisdiction is for this court to decide in the exercise of our discretion."). Rule 122(e) provides that the exercise of a trial court's discretion "in limiting or precluding electronic or still photographic coverage shall be reviewable only by special action." And special action jurisdiction is appropriate when, as here, there is no "equally plain, speedy, and adequate remedy by appeal." Ariz. R. P. Spec. Actions

---

[2]The respondent judge characterized her calendar as "incredibly packed," with "over 22 hearings" scheduled between the time of the request and Kreus's trial, including "sentencings, changes of plea, Rule 11 hearings, contested competency hearings with experts testifying, and . . . a three-hour hearing . . . in a death penalty case." Additionally, as we previously noted, the respondent stated the request was received "very late Thursday or early Friday morning," and time was required to notify the parties and give them an opportunity to object.

1(a). The Star acknowledges, however, that Kreus's trial has ended. Accordingly, any issues raised by this special action are moot, and this court "usually w[ill] not consider" moot issues. *Simpson v. Owens*, 207 Ariz. 261, ¶ 13, 85 P.3d 478, 482 (App. 2004). But the exercise of special action jurisdiction over a moot issue is proper when the issue is of great public importance or likely to be repeated in future cases. *Id.*

**¶4** We agree with the Star that, in light of the general public's right of access to court proceedings, *see* Ariz. Const. art. II, § 11, and the role of the media in facilitating such access, *see Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 572-73 (1980), the issues the Star raises are potentially of significant public importance. Although the Star has not demonstrated that the majority of issues raised are likely to recur, the respondent judge observed in her ruling that both she and her colleagues had experienced difficulty implementing Rule 122 requests filed shortly before a proceeding was to begin. She noted that the requirement in Rule 122(f) that a court "promptly" hold a hearing to address objections to a request was difficult to implement in light of busy court calendars.[3] Accordingly, in our discretion, we accept jurisdiction of this special action but limit our review to whether the respondent erred in considering the timeliness of the Star's request as a basis to deny that request, and whether she erred in failing to conduct a hearing addressing objections to the request before the beginning of Kreus's trial.

---

[3]Rule 122 was amended effective January 1, 2009, to modify the timeliness requirement by establishing the two-day minimum discussed below, and to require, inter alia, that a trial court consider the timeliness of a request and make specific findings when denying it. Sup. Ct. Order No. R-07-0016 (Ariz. Sept. 16, 2008).

¶5	The Star asserts its request was timely pursuant to Rule 122(f) because it was made more than two days in advance of Kreus's trial. That subsection states that, if the judicial proceeding has been scheduled for more than three days, the request "must be made no less than two days in advance of the hearing." Ariz. R. Sup. Ct. 122(f). But it also requires that a request must be made "sufficiently in advance of the proceeding or portion thereof as not to delay or interfere with it." *Id.* And, among the factors a court must consider in determining whether to allow access is "[t]he timeliness of the request pursuant to subsection (f)." Ariz. R. Sup. Ct. 122(b)(vi).

¶6	Although we review a trial court's decision whether to grant media access for an abuse of discretion, *see* Ariz. R. Sup. Ct. 122(b), we review de novo its interpretation of a rule, *State v. Harden*, 228 Ariz. 131, ¶ 3, 263 P.3d 680, 681 (App. 2011). "'In interpreting rules, we apply the same principles we use in interpreting statutes.'" *Id.* ¶ 6, *quoting State v. Petty*, 225 Ariz. 369, ¶ 7, 238 P.3d 637, 640 (App. 2010). We endeavor to "'determine and give effect to our supreme court's intent in promulgating the rule . . . keeping in mind that the best reflection of that intent is the plain language of the rule.'" *Id.*, *quoting Osterkamp v. Browning*, 226 Ariz. 485, ¶ 14, 250 P.3d 551, 555 (App. 2011).

¶7	Under the Star's interpretation, when a request is filed at least two days before the beginning of a hearing, there is no basis for a trial court to consider further whether the request was made "sufficiently in advance of the proceeding . . . as not to delay or interfere with it." Ariz. R. Sup. Ct. 122(f). But Rule 122(b)(vi), by reference to subsection (f), expressly requires a court to do so. Because the Star's construction

5

renders that portion of Rule 122(f) largely superfluous,[4] we cannot agree with it. *See Osterkamp*, 226 Ariz. 485, ¶ 15, 250 P.3d at 555 (court will not adopt interpretation rendering portion of rule superfluous). Had our supreme court intended a request filed within two days before the beginning of a proceeding to be timely as a matter of law, it would have said so. Instead, the plain language of the Rule requires the trial court to consider the timeliness of the request in light of the potential for delay or interference with the proceeding.

¶8 We therefore agree with the respondent judge's interpretation that a request not filed within "the two-day minimum" of a hearing is untimely, that is, it necessarily was not made with sufficient time to prevent delay or interference with the proceedings. But, if a request is made more than two days before the proceeding begins, then a trial court must consider, in addressing whether to grant the request, whether it was made sufficiently in advance. Here, the respondent observed that the trial which the Star wished to photograph had been scheduled for three months. Nothing in the materials the Star has provided this court suggests there was any reasoned basis for it to delay its request for access until only two working days before trial was set to begin. Nor does the Star dispute that the respondent's calendar already was fully scheduled. We therefore find no abuse of discretion in the respondent's determination that a request filed only two

---

[4]Under the Star's interpretation, the trial court arguably could consider potential delay and interference only if the proceeding had been "scheduled on less than three days notice." Ariz. R. Sup. Ct. 122(f). But that reading of the rule is not consistent with the subsection's plain requirement that all requests be filed sufficiently in advance of the proceedings to avoid any delay or interference.

6

days before Kreus's jury trial was not sufficiently timely to prevent delay or interference with that trial, given the status of the respondent's calendar.

¶9     We emphasize, however, that timeliness is only one factor a trial court must consider in determining whether to grant access, and that the court must identify reasons the request was not sufficiently timely to avoid delay. *See* Ariz. R. Sup. Ct. 122(b), (c). And nothing in this opinion should be read to suggest that timeliness may, in ordinary circumstances, serve as the sole basis to completely preclude electronic media access from the entirety of the proceeding. A court must instead balance the factors enumerated in Rule 122(b) against "the benefit to the public of camera coverage," and in order to deny the request, it must find "there is a likelihood of harm arising" from such coverage. Ariz. R. Sup. Ct. 122(c).

¶10     The Star also argues the respondent judge erred in declining to hold a hearing before denying its request. A trial court need not always conduct a hearing in order to deny a request; a hearing is required only if "there is any objection to a request for camera coverage or an order allowing electronic or still photographic coverage." Ariz. R. Sup. Ct. 122(f ). But, as the respondent acknowledged, once any objections to the Star's request were raised, she was required to "hold a hearing promptly." *Id.* Thus, because respondent's denial of the Star's request was based in part on those objections, she erred by declining to conduct a hearing. However, to the extent the Star asserts such a hearing must be held before the beginning of the proceeding to which the media requests access, it is incorrect. Had our supreme court intended that to be the result, it would have stated the hearing must be conducted before the beginning of the proceeding

7

in question. It instead required only that the hearing be held "promptly," plainly intending a trial court have discretion to consider its calendar in scheduling a hearing to address objections to the Rule 122 request.

¶11 We recognize that trial courts have busy calendars. But, because media requests for camera or electronic coverage should command reasonable priority, the court nevertheless has a duty to set a hearing on any objections promptly. Ariz. R. Sup. Ct. 122(f). And although it clearly would be preferable for Rule 122 requests to be resolved before a proceeding begins in order to protect the public's right of access to the courts, as this case illustrates, sometimes circumstances make that goal impracticable. In light of the respondent judge's calendar, the filing of the Star's request just two days in advance of trial would have required the respondent to delay the beginning of trial, or to delay some other proceeding, in order to hold the hearing before trial began. Given that subsection (f) of Rule 122 contemplates that a request must not "delay or interfere" with a proceeding, we find no basis in the rule to require a trial court to delay the proceeding in order to accommodate a request, nor that the court delay some other proceeding in which the court or the parties to that proceeding may have an equal or greater interest in avoiding delay.[5] Moreover, the rule clearly contemplates that such a hearing may occur once a proceeding has begun. As we noted above, a trial court is required to hold a hearing only if there is an objection to access. Although the rule requires a party's

---

[5]We express no opinion whether the hearing on the Star's motion for reconsideration of the respondent's summary denial of its request cured the respondent's failure to have conducted the hearing before denying the request, or whether the hearing was sufficiently prompt or otherwise compliant with Rule 122.

8

objection to be made "on the record prior to commencement of the proceeding or portion thereof for which coverage is requested," the rule permits objections by a non-party witness to "be made to the judge at any time." Ariz. R. Sup. Ct. 122(g).

¶12 For the reasons stated, we conclude that the respondent judge did not err in considering the timeliness of the Star's request. But, because objections to the request were made and the respondent relied on those objections in denying the Star's request, the respondent erred in failing to conduct a hearing. Finally, because the issues raised by the Star are moot, we deny relief.

/s/ *Virginia C. Kelly*
_____
VIRGINIA C. KELLY, Judge


CONCURRING:

/s/ *Garye L. Vásquez*
_____
GARYE L. VÁSQUEZ, Presiding Judge


/s/ *Philip G. Espinosa*
_____
PHILIP G. ESPINOSA, Judge

9