NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Respondent*,

*v.*

JOHNNY DAVID CATO, *Petitioner*.

No. 1 CA-CR 16-0466 PRPC

FILED 8-17-2017

---

Petition for Review from the Superior Court in Maricopa County
No. CR2004-009409-001
The Honorable J. Justin McGuire, Judge *Pro Tempore*

**REVIEW GRANTED; RELIEF DENIED**

---

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Johnny David Cato, Kingman
*Petitioner*

<hr>

**MEMORANDUM DECISION**

Presiding Judge Margaret H. Downie delivered the decision of the Court, in which Judge Kenton D. Jones and Chief Judge Samuel A. Thumma joined.

<hr>

**D O W N I E**, Judge:

**¶1**　　　　Johnny David Cato petitions for review from the dismissal of his petition for post-conviction relief.  For the following reasons, we grant review but deny relief.

**¶2**　　　　Cato pleaded guilty to two counts of attempted sexual exploitation of a minor — dangerous crimes against children.  He received a prison sentence for one count and lifetime probation for the other count.  After his release from prison, a probation revocation petition was filed, and Cato admitted violating his probation terms; the superior court revoked probation and sentenced Cato to a presumptive ten-year term of imprisonment.

**¶3**　　　　Cato filed a timely petition for post-conviction relief, asserting ineffective assistance of counsel.  The superior court summarily dismissed that petition, and this Court dismissed Cato's ensuing petition for review as untimely.  *State v. Cato*, 1 CA–CR 16-0113 PRPC (Order dismissing review 3/2/16).

**¶4**　　　　Cato filed a successive notice of post-conviction relief, alleging "newly discovered material facts" under Arizona Rule of Criminal Procedure ("Rule") 32.1(e), again asserting his attorney should have objected to the sentence of imprisonment, and arguing the superior court failed to remand him to the Department of Corrections.  The superior court summarily dismissed the notice before a petition was filed.

**¶5**　　　　In his petition for review, Cato contends the superior court issued its decision without allowing him 60 days to file a petition in accordance with Rule 32.4(c)(2), and he again alleges that the court failed to issue a valid sentence of imprisonment.

**¶6**　　　　In order to avoid preclusion, a defendant filing a successive petition must set forth in his notice "the substance of the specific exception

and the reasons for not raising the claim in the previous petition or in a timely manner." Rule 32.2(b). If a petitioner does not comply with this requirement, "the notice shall be summarily dismissed." *Id.* The superior court correctly concluded that Cato's notice was deficient, demonstrated no "newly discovered material facts" within the ambit of the Rule 32.1(e) exception, and was precluded under Rule 32.2(a)(3). *See also State v. Harden*, 228 Ariz. 131 (App. 2011) (affirming summary dismissal of deficient successive notice claiming an ambiguity in the terms of probation).

¶7 Furthermore, the record also reflects no ambiguity in sentencing Cato. The superior court complied with the statutory requirement that a defendant sentenced to prison be ordered "committed to the custody of the state department of corrections." Ariz. Rev. Stat. § 13-701(A).

## CONCLUSION

¶8 For the foregoing reasons, we grant review but deny relief.

