NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

JEFFREY GORDON BURKE, *Petitioner*.

No. 1 CA-CR 16-0439 PRPC
FILED 8-24-2017

Petition for Review from the Superior Court in Maricopa County
No. CR2006-048884-001
The Honorable Sherry K. Stephens, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Jeffrey Gordon Burke, Tucson
*Petitioner*

---

**MEMORANDUM DECISION**

Judge James P. Beene delivered the decision of the Court, in which Chief Judge Samuel A. Thumma and Judge Lawrence F. Winthrop joined.

---

**B E E N E**, Judge:

¶1     Jeffrey Gordon Burke ("Burke") petitions this court for review from the dismissal of his petition for post-conviction relief, filed pursuant to Arizona Rule of Criminal Procedure ("Rule") 32.  We have considered the petition for review and, for the reasons stated, grant review but deny relief.

¶2     Burke and Darrin Martinez ("Martinez") were involved in the murder of M.O.  Before trial began in Martinez's case, the State offered Martinez a plea agreement in exchange for his testimony against Burke.  Martinez accepted, and the State disclosed this plea and testimonial agreement to Burke.  Thereafter, Burke pled guilty to first degree murder.  The superior court sentenced Burke to life in prison with parole eligibility after twenty-five years.  Although advised of his right to do so, Burke did not file a petition for post-conviction relief.

¶3     Approximately three years later, Burke's counsel discovered that Martinez had entered into what counsel believed to be another very favorable plea agreement in an unrelated case, Maricopa County Cause CR2013-004365.  The plea agreement and change of plea proceedings had been sealed.  Counsel filed a motion to unseal because, counsel argued, "the reason for the secrecy . . . seems clear: Mr. Martinez once again is cooperating with the government" and receiving "enormous benefit[s]."  Based on counsel's belief that Martinez had "incredible good fortune" in his criminal cases, counsel speculated that the State may have withheld *Brady v. Maryland*, 373 U.S. 83 (1963) material.

¶4     After hearing argument, the superior court granted the motion to unseal and ordered the State to provide copies, including a copy of a "free talk" or testimonial agreement, to counsel.  The court's order prohibited counsel from providing copies to Burke.  This court assumes that counsel found no *Brady* material because counsel did not file any further pleadings.  Approximately three months later, Burke sent a letter to the superior court in which he requested the appointment of "a qualified Rule 32 Post Conviction Lawyer" to "unseal Plea Agreement" and the change of

plea proceeding, and to represent him "on a claim of newly [d]iscovered evidence." Although not entirely clear, it appears that Burke was seeking the same information and relief counsel had already sought and obtained. In fact, he attached some of counsel's pleadings and some of the same exhibits to his letter that counsel had attached to the motion to unseal.

¶5 The superior court considered this letter and Burke's later motions for status as a single and first notice of post-conviction relief. The court noted Burke had presented evidence that Martinez "received favorable consideration during sentencing in other cases," but found that

> [T]he information does not appear to have existed prior to sentencing in this case. More importantly, [Burke] fails to explain why the newer information concerning this witness in other cases was material and why the evidence would have changed the conviction or sentence in this case. Consequently, he has not stated a claim for relief under Rule 32.1(e).

Burke filed a motion for rehearing that was denied, and this petition for review followed.

¶6 Absent an abuse of discretion or error of law, we will not disturb a superior court's ruling on a petition for post-conviction relief. *State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19 (2012); *State v. Swoopes*, 216 Ariz. 390, 393, ¶ 4 (App. 2007). Burke has the burden on review to show that the superior court abused its discretion. *See State v. Poblete*, 227 Ariz. 537, 538, ¶ 1 (App. 2011) (petitioner has burden of establishing abuse of discretion on review). Burke has not sustained his burden of establishing an abuse of discretion.

¶7 On review, Burke argues that the superior court should have appointed counsel to assist him. We note that the court never ruled on Burke's requests for appointed counsel. Pursuant to Rule 32.4(c)(2), the trial court is generally required to appoint counsel "[u]pon the filing of a timely or first notice in a Rule 32 proceeding." *See Osterkamp v. Browning*, 226 Ariz. 485, 488-89, ¶¶ 11, 15–16 (App. 2011). However, the trial court is not required to appoint counsel before the court conducts a preliminary review of the petitioner's notice for post-conviction relief. *State v. Harden*, 228 Ariz. 131, 133, ¶ 11 (App. 2011). When, as in this case, the court determines that the notice is facially non-meritorious, the court need not appoint counsel prior to summarily dismissing the notice pursuant to Rule 32.2(b).

¶8 Burke also argues that the State "clearly suppressed" evidence material to his defense because, he speculates, this evidence might serve to call Martinez's credibility into question. Burke did not raise this claim in superior court, and therefore we do not address it. *See* Ariz. R. Crim. P. 32.9(c)(1)(ii); *State v. Bortz*, 169 Ariz. 575, 578 (App. 1991) (issues not first presented to the trial court may not be presented in the petition for review.).

¶9 We therefore grant review but deny relief.

