NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

JIMMY LEE FLOWERS, *Petitioner*.

No. 1 CA-CR 24-0097 PRPC

FILED 02-13-2025

Appeal from the Superior Court in Maricopa County
No. CR2022-127745-001
The Honorable Kerstin G. LeMaire, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Philip D. Garrow
*Counsel for Respondent*

Jimmy Lee Flowers, Tucson
*Petitioner*

---

**MEMORANDUM DECISION**

Presiding Judge Cynthia J. Bailey delivered the decision of the Court, in which Vice Chief Judge Randall M. Howe and Judge Andrew M. Jacobs joined.

---

**B A I L E Y**, Judge:

**¶1**  Petitioner, Jimmy Lee Flowers, petitions this court to review the superior court's dismissal of his notice requesting post-conviction relief filed under Arizona Rule of Criminal Procedure ("Rule") 33. We have considered the petition for review and, for the following reasons, grant review but deny relief.

## FACTS AND PROCEDURAL HISTORY

**¶2**  Flowers pled guilty to aggravated assault, a class 3 dangerous felony and a domestic violence offense. On March 30, 2023, the superior court sentenced Flowers to an eleven-year term of imprisonment with 249 days of presentence incarceration credit.

**¶3**  More than eight months after sentencing, Flowers filed a notice requesting post-conviction relief, alleging his conviction and sentence were obtained in violation of his constitutional rights, his sentence was illegal, newly discovered material facts merited relief, and he was purportedly innocent. *See* Ariz. R. Crim. P. 33.1(a), (c), (e) and (h). The superior court summarily dismissed the proceeding, noting Flowers' Rule 33.1 claims were untimely and failed to adequately state a claim for which relief could be granted in an untimely Rule 33 proceeding. The superior court also denied Flowers' request for counsel. Following the dismissal, Flowers petitioned for review.

## DISCUSSION

**¶4**  Absent an abuse of discretion or error of law, we will not disturb a superior court's ruling on a notice requesting post-conviction relief. *See State v. Gutierrez*, 229 Ariz. 573, 576-77, ¶ 19 (2012). It is the petitioner's burden to show the superior court abused its discretion by dismissing his notice requesting post-conviction relief. *See State v. Poblete*, 227 Ariz. 537, 538, ¶ 1 (App. 2011).

I.      Timeliness

**¶5**          Flowers argues the filing delay was not his fault.  *See* Ariz. R. Crim. P. 33.1(f).

**¶6**          Flowers interprets the rules to require the court or his counsel to send him the requisite forms to file a notice for post-conviction relief. Because the court and counsel allegedly "fail[ed]" to send him the form, Flowers argues the untimely filing was not his fault.

**¶7**          However, Flowers did not make this argument before the superior court, and he received and signed the "Notice of Rights After Conviction and Procedure" form at sentencing, which specifically provided a ninety-day deadline from the entry of judgment and sentence (or a June 28, 2023, deadline) to file any PCR claims.  Thus, contrary to Flowers' claims, the superior court provided adequate notice for Flowers to timely file his notice requesting post-conviction relief.

**¶8**          Because Flowers fails to adequately explain why his untimely notice was not his fault, the superior court did not abuse its direction by finding Flowers' Rule 33.1(a) claim untimely.

II.     Request for Counsel

**¶9**          Flowers argues the superior court abused its discretion and violated Rule 33.5(a) by denying his request for post-conviction relief counsel.  A court must appoint counsel when an indigent defendant files a timely first notice requesting post-conviction relief or a timely successive notice raising ineffective assistance of counsel.  Ariz. R. Crim. P. 33.5(a). Flowers meets neither criterion.  *See State v. Harden*, 228 Ariz. 131, 133-34, ¶ 11 (App. 2011) (recognizing the trial court may dismiss untimely "facially non-meritorious notices" without appointing counsel).  As a result, the superior court's decision to deny counsel was appropriate.

III.    Remaining Claims

**¶10**         Flowers raises various additional arguments challenging the court's summary dismissal.  For the following reasons, we deny relief.

**¶11**         Flowers claims the State must object to his notice requesting post-conviction relief and in failing to do so, the court "unlawfully dismissed" Flowers' unopposed notice.  To make this claim, Flowers misrepresents a federal bankruptcy case, which ultimately holds there is no viable interpretation of rules that allows a late, forfeited claim to succeed

after that party previously lost on the merits. *Kontrick v. Ryan*, 540 U.S. 443, 459-60 (2004). This case is unrelated to Arizona criminal law or Flowers' notice requesting post-conviction relief and therefore has no application here.

**¶12**     By entering the plea agreement, Flowers waived all non-jurisdictional defects and defenses, except those related to the validity of the plea. *State v. Banda*, 232 Ariz. 582, 585, ¶ 12 (App. 2013).

**¶13**     Flowers asserts several claims related to due process and equal protection rights, including judicial bias, deprivation of collateral attack, and suspension of habeas corpus rights. However, Flowers' claims are not rooted in the plea agreement's validity. Instead, Flowers' claims focus on the superior court's dismissal of his notice requesting post-conviction relief and fail to include facts to support the claims. As a result, we find no abuse of discretion.

**CONCLUSION**

**¶14**     We grant review but deny relief.

