IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

| | | |
|---|---|---|
| THE STATE OF ARIZONA, | ) | 2 CA-CR 2013-0094-PR |
| | ) | DEPARTMENT B |
| Respondent, | ) | |
| | ) | O P I N I O N |
| v. | ) | |
| | ) | |
| RAMON JUAN ESCARENO-MERAZ, | ) | |
| | ) | |
| Petitioner. | ) | |
| | ) | |

PETITION FOR REVIEW FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. CR61723

Honorable Kathleen Quigley, Judge

REVIEW GRANTED; RELIEF DENIED

Barbara LaWall, Pima County Attorney
  By Jacob R. Lines                                                                 Tucson
                                                          Attorneys for Respondent


Ramon Juan Escareno-Meraz                                                          Tucson
                                                            In Propria Persona


K E L L Y, Judge.

¶1          Ramon Escareno-Meraz petitions this court for review of the trial court's

summary dismissal of his successive notice of post-conviction relief filed pursuant to

Rule 32, Ariz. R. Crim. P. We will not disturb that ruling unless the court clearly has

abused its discretion. *See State v. Swoopes*, 216 Ariz. 390, ¶ 4, 166 P.3d 945, 948 (App. 2007). We grant review but deny relief.

**¶2** Escareno-Meraz was convicted after a jury trial of one count of illegally controlling and/or conducting a criminal enterprise; three counts of unlawful use of a wire communication to facilitate a narcotics transaction; one count of unlawful offer to transfer marijuana weighing more than two pounds; one count of conspiracy to possess for sale, transfer, or transport for sale, and/or sell marijuana weighing more than four pounds; and one count of unlawful transportation of marijuana for sale weighing more than two pounds. He was sentenced to aggravated prison terms, including three consecutive 18.5-year terms. We affirmed his convictions and sentences on appeal. *State v. Escareno-Meraz*, No. 2 CA-CR 99-0186 (memorandum decision filed Mar. 29, 2001). Escareno-Meraz then sought post-conviction relief, which the trial court denied, and this court denied relief on review. *State v. Escareno-Meraz*, No. 2 CA-CR 2002-0450-PR (decision order filed Jul. 30, 2004).

**¶3** In February 2013, Escareno-Meraz filed a notice of post-conviction relief asserting that *Martinez v. Ryan*, ___ U.S. ___, 132 S. Ct. 1309 (2012), constituted a significant change in the law entitling him to raise a claim of ineffective assistance of Rule 32 counsel. *See* Ariz. R. Crim. P. 32.1(g); 32.2(b). The trial court summarily dismissed the notice, concluding *Martinez* did not alter the longstanding Arizona rule that a non-pleading defendant "may not assert a claim of ineffective assistance of post-conviction counsel."

**¶4**      Non-pleading defendants like Escareno-Meraz have no constitutional right to counsel in post-conviction proceedings; thus, despite the existence of state rules providing counsel, a claim that Rule 32 counsel was ineffective is not a cognizable ground for relief in a subsequent Rule 32 proceeding.  *See State v. Mata*, 185 Ariz. 319, 336-37, 916 P.2d 1035, 1052-53 (1996); *State v. Krum*, 183 Ariz. 288, 291-92 & n.5, 903 P.2d 596, 599-600 & n.5 (1995); *Osterkamp v. Browning*, 226 Ariz. 485, ¶ 18, 250 P.3d 551, 556 (App. 2011); *State v. Armstrong*, 176 Ariz. 470, 474-75, 862 P.2d 230, 234-35 (App. 1993), *overruled on other grounds by State v. Terrazas*, 187 Ariz. 387, 390, 930 P.2d 464, 467 (App. 1996).  On review, Escareno-Meraz asserts that, in light of *Martinez*, we should extend the right to effective assistance of Rule 32 counsel to non-pleading defendants.  In *Martinez*, the Supreme Court determined:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

___ U.S. at ___, 132 S. Ct. at 1320.

**¶5**      But the Court did not ground its decision in a constitutional right, instead determining that defendants had an "equitable" right to the effective assistance of initial post-conviction counsel, and it limited its decision to the application of procedural default in federal habeas review.  *Id.* at ___, 132 S. Ct. at 1315, 1319-20.  Indeed, the Court expressly stated it was not deciding the question of whether a defendant is entitled to effective assistance of counsel in the first collateral proceeding in which the defendant

3

may assert a claim of ineffective assistance of trial counsel. *Id.* at ___, 132 S. Ct. at 1315.

**¶6** Thus, *Martinez* does not alter established Arizona law. Escareno-Meraz additionally suggests that we nonetheless should create a right for non-pleading defendants to effective representation in Rule 32 proceedings due to the "limited" nature of federal habeas review.[1] Even if we could disregard our supreme court's determination that no such right exists, we find no basis to do so. *See State v. Sullivan*, 205 Ariz. 285, ¶ 15, 69 P.3d 1006, 1009 (App. 2003) (court of appeals may not disregard decisions of supreme court).

**¶7** The trial court did not err in summarily dismissing Escareno-Meraz's successive notice of post-conviction relief. Although review is granted, relief is denied.

/s/ *Virginia C. Kelly*
VIRGINIA C. KELLY, Judge

CONCURRING:

/s/ *Garye L. Vásquez*
GARYE L. VÁSQUEZ, Presiding Judge

/s/ *Philip G. Espinosa*
PHILIP G. ESPINOSA, Judge

---

[1]Escareno-Meraz asserts in passing that *Lockyer v. Andrade*, 538 U.S. 63 (2003), and *Bell v. Cone*, 535 U.S. 685 (2002), "can only continue to be good law if *Martinez* is held applicable to those who go to trial." Nothing in those decisions supports Escareno-Meraz's argument.