NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

MARIO AVILES, *Petitioner*.

No. 1 CA-CR 13-0688 PRPC
FILED 4-23-2015

Petition for Review from the Superior Court in Maricopa County
No.  CR2004-021424-001 DT
The Honorable Karen L. O'Connor, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane M. Meloche
*Counsel for Respondent*

Mario Aviles, Buckeye
*Petitioner*

**MEMORANDUM DECISION**

Presiding Judge Lawrence F. Winthrop delivered the decision of the Court, in which Judge Samuel A. Thumma and Judge Donn Kessler joined.

**W I N T H R O P**, Presiding Judge:

**¶1**        Petitioner, Mario Aviles ("Aviles"), petitions for review of the summary dismissal of his third petition for post-conviction relief filed pursuant to Rule 32, Ariz. R. Crim. P.  After considering the petition for review, we grant review and deny relief for the reasons stated below.

**¶2**        A jury convicted Aviles of second degree murder.  On June 2, 2005, the trial court sentenced Aviles to an aggravated prison term of twenty-two years.  The conviction and sentence were affirmed on appeal. *See State v. Aviles*, 1 CA-CR 05-0720 (Ariz. App. May 23, 2006) (mem. decision).

**¶3**        In December 2006, Aviles commenced a timely post-conviction relief proceeding.  Appointed counsel filed a notice stating he had investigated the case but found no colorable claims to raise.  Aviles filed a *pro se* petition for post-conviction relief, alleging claims of denial of motion for new counsel, inadequate record on appeal, judicial bias, insufficient evidence, lack of competency, and ineffective assistance of trial, appellate, and Rule 32 counsel.  On December 17, 2007, the trial court summarily dismissed the petition, finding a number of the claims were precluded and, as for the non-precluded claims, Aviles failed to state a colorable claim for relief.

**¶4**        In October 2010, Aviles sent a letter to the trial judge, in which he alleged his right to religious freedom was violated by the prosecutor cross-examining him at trial regarding his religious beliefs.  The trial court elected to treat the letter as a second notice of post-conviction relief under Rule 32 and summarily dismissed the notice on the ground that it failed to state a claim that could be raised in an untimely and successive post-conviction relief proceeding.

**¶5**        In August 2013, Aviles commenced a third post-conviction relief proceeding by filing a new notice of post-conviction relief, in which he stated that he intended to raise a claim of significant change in the law based on the decision in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), to support a claim of illegal sentence.  Specifically, Aviles alleged that the trial court improperly imposed an aggravated sentence.  The trial court summarily dismissed the notice, ruling that a claim of illegal sentence cannot be raised in an untimely or successive post-conviction proceeding.  Aviles filed a timely petition for review.

**¶6** We review the summary dismissal of a petition for post-conviction relief for an abuse of discretion. *State v. Bennett*, 213 Ariz. 562, 566, ¶ 17, 146 P.3d 63, 67 (2006). We may uphold the trial court's ruling on any basis supported by the record. *State v. Robinson*, 153 Ariz. 191, 199, 735 P.2d 801, 809 (1987).

**¶7** "Any notice not timely filed may only raise claims pursuant to Rule 32.1(d), (e), (f), (g) or (h)." Ariz. R. Crim. P. 32.4(a); *see also State v. Shrum*, 220 Ariz. 115, 118, ¶ 13, 203 P.3d 1175, 1178 (2009) (noting "few exceptions" to "the general rule of preclusion" for claims in untimely or successive petitions). As the trial court correctly noted, a claim of illegal sentence is cognizable under Rule 32.1(c) and thus is not a claim that can be raised in an untimely or successive post-conviction proceeding. Moreover, the claim of illegal sentence is precluded because it could have been raised on direct appeal. *See* Ariz. R. Crim. P. 32.2(a)(1); Ariz. Rev. Stat. ("A.R.S.") § 13-4033(A)(3) (2001).

**¶8** The reliance by Aviles on *Martinez* in claiming there has been a significant change in the law is misplaced. *Martinez* has no applicability to Aviles in this Rule 32 proceeding because it does not provide relief at the state court level. *See State v. Escareno-Meraz*, 232 Ariz. 586, 587, ¶¶ 5-6, 307 P.3d 1013, 1014 (App. 2013) (holding the Supreme Court "limited its decision" in *Martinez* "to the application of procedural default in federal habeas review"; accordingly, it does not affect consideration of state claims brought under Rule 32).

**¶9** Finally, we note Aviles's claim of illegal sentence also fails on the merits. Aviles asserted in the notice of post-conviction relief that his aggravated sentence was illegal because the trial court accepted only one of the four aggravators found by the jury, and former A.R.S. § 13-702.01 required a minimum of two enumerated aggravators for a maximum aggravated sentence. Because Aviles was convicted of second degree murder, a class one felony, he was sentenced pursuant to A.R.S. § 13-710 (2001), not former A.R.S. § 13-702.01. At the time of Aviles's crime, § 13-710(A) authorized the imposition of a maximum aggravated sentence of twenty-two years for a second degree murder conviction upon a finding of one aggravating circumstance. (Since 2012, the statute authorizes up to twenty-five years. *See* A.R.S. § 13-710(A) (Supp. 2014).) Accordingly, there was no abuse of discretion by the trial court in summarily dismissing the petition for post-conviction relief.

¶10     For the above reasons, we grant review and deny relief.



**Ruth A. Willingham** · **Clerk of the Court**
FILED: ama