NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

STEVEN J. CAMERON, *Petitioner*.

No. 1 CA-CR 13-0508 PRPC

FILED 5-19-2015

Petition for Review from the Superior Court in Maricopa County
No. CR 1993-092048
The Honorable Robert E. Miles, Judge (Retired)

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Steven J. Cameron, Buckeye
*Petitioner*

**MEMORANDUM DECISION**

Presiding Judge Patricia K. Norris delivered the decision of the Court, in which Judge Patricia A. Orozco and Judge Kent E. Cattani joined.

**N O R R I S**, Judge:

¶1          Petitioner Steven J. Cameron seeks review of the superior court's summary dismissal of his notice of post-conviction relief. We have considered his petition for review and, for the reasons stated, grant review but deny relief.

¶2          On December 20, 1993, Cameron pled no contest to one count of aggravated assault, a class 3 dangerous felony. On January 20, 1994, the superior court sentenced Cameron to an aggravated 15-year prison term to be served consecutive to his sentence in an unrelated matter.

¶3          On April 24, 1995, Cameron filed a notice of post-conviction relief. On May 1, 1995, the superior court summarily dismissed the petition because it was untimely.

¶4          On May 2, 2001, Cameron mailed a letter to the superior court, which it treated as a request to file an untimely petition for post-conviction relief. In denying Cameron's request on July 2, 2001, the superior court noted Cameron had failed to explain why he waited over one year to file his first notice or why he had waited six more years to file a second request for post-conviction relief.

¶5          On April 26, 2013, Cameron filed a notice of post-conviction relief and stated that he intended to raise an ineffective assistance of counsel claim, his failure to file a timely notice of post-conviction relief was not his fault, and *Martinez v. Ryan*, —U.S.—, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (2012), amounted to a significant change in the law that "would probably overturn the conviction or sentence." In summarily dismissing the notice on May 30, 2013, the superior court found the notice untimely and successive, and ruled Cameron had failed to establish a change in the law that would entitle him to relief under Arizona Rule of Criminal Procedure 32.1(g).

¶6          On review, Cameron argues the superior court improperly dismissed his notice because *Martinez* constitutes a significant change in the law, allowing him to raise an ineffective assistance of counsel claim even

though his notice was untimely. *See* Ariz. R. Crim. P. 32.4(a) ("Any notice [of post-conviction relief] not timely filed may only raise claims pursuant to Rule 32.1(d), (e), (f), (g) or (h)."); *State v. Petty*, 225 Ariz. 369, 373, ¶ 11, 238 P.3d 637, 641 (App. 2010) (ineffective assistance of counsel claims do not fall within Rule 32.1(d), (e), (f), (g) or (h) because they are "cognizable under Rule 32.1(a)"). We review the summary dismissal of a post-conviction relief proceeding for an abuse of discretion. *See State v. Escareno-Meraz*, 232 Ariz. 586, 586, ¶ 1, 307 P.3d 1013, 1013 (App. 2013). We may uphold the superior court's ruling "on any basis supported by the record." *State v. Robinson*, 153 Ariz. 191, 199, 735 P.2d 801, 809 (1987).

¶7        The superior court did not abuse its discretion in ruling Cameron had failed to establish a significant change in the law that would entitle him to relief. In *Martinez*, the United States Supreme Court held, "Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a *federal habeas court* from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." — U.S.—, 132 S. Ct. at 1320 (emphasis added). The Court's holding means Cameron can seek habeas corpus relief in federal court based on ineffective assistance of trial counsel if he can first show either he had no counsel in his first post-conviction relief proceeding or counsel in his first post-conviction relief proceeding was ineffective. *Martinez* does not require a state court to consider all untimely ineffective assistance of counsel claims raised in post-conviction proceedings. *See Escareno-Meraz*, 232 Ariz. at 587, ¶¶ 5-6, 307 P.3d at 1014 (the *Martinez* Court "limited its decision to the application of procedural default in federal habeas review" and did not "alter established Arizona law").

¶8        Cameron also urges this court to permit him to raise a claim that trial counsel was ineffective in failing to file a timely notice of post-conviction relief on his behalf under Rule 32.1(f). Rule 32.1(f) permits a defendant to seek post-conviction relief on the ground that the "failure to file a notice of post-conviction relief of-right . . . within the prescribed time was without fault on the defendant's part." A claim for post-conviction relief is precluded, however, if it was raised or could have been raised in any previous collateral proceeding. *See* Ariz. R. Crim. P. 32.2(a); *State v. Spreitz*, 202 Ariz. 1, 2, ¶ 4, 39 P.3d 525, 526 (2002) ("Our basic rule is that where ineffective assistance of counsel claims are raised, or could have been raised, *in a Rule 32 post-conviction relief proceeding*, subsequent claims of ineffective assistance will be deemed waived and precluded."). Because Cameron could have raised this claim in his previous post-conviction relief

proceedings, it is precluded in this successive and untimely proceeding. *See* Ariz. R. Crim. P. 32.2(a), (c) ("[A]ny court on review of the record may determine and hold that an issue is precluded . . . .").

¶9        For the foregoing reasons, although we grant review, we deny relief.



Ruth A. Willingham · Clerk of the Court
FILED: ama