NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

GERARDO DELACRUZ NAVEJAS, *Petitioner*.

No. 1 CA-CR 13-0698 PRPC

FILED 5-28-2015

Petition for Review from the Superior Court in Maricopa County
No. CR 2002-002789
The Honorable Warren J. Granville, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Gerardo Delacruz Navejas, Kingman
*Petitioner*

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Maurice Portley and Judge John C. Gemmill joined.

**B R O W N,** Judge:

¶1 Gerardo Delacruz Navejas petitions for review of the trial court's summary dismissal of his fifth post-conviction relief proceeding commenced pursuant to Arizona Rules of Criminal Procedure ("Rule") 32. We have considered his petition and, for the reasons stated, grant review but deny relief.

¶2 Following a jury trial in 2002, Navejas was convicted of armed robbery, first degree burglary, two counts of aggravated assault, and theft of means of transportation. The trial court imposed consecutive and concurrent terms of imprisonment totaling twenty-nine years. This court affirmed the convictions and sentences on direct appeal. *State v. Navejas*, 1 CA-CR 02-0838 (App. Jun. 5, 2003) (mem. decision).

¶3 Four prior post-conviction relief proceedings commenced by Navejas were dismissed by the trial court in September 2005, January 2013, March 2013, and April 2013. On August 16, 2013, Navejas commenced a fifth post-conviction relief proceeding by filing a *pro se* petition in which he alleged claims of ineffective assistance of counsel, significant change in the law, and actual innocence. In summarily dismissing this petition, the trial court noted that the petition was both successive and untimely and ruled that Navejas failed to establish a claim of significant change in the law applicable to him pursuant to Rule 32.1(g) or a claim of actual innocence pursuant to Rule 32.1(h).

¶4 On review, Navejas argues the trial court erred in summarily dismissing his petition because *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), constitutes a significant change in the law that allows him to raise a claim of ineffective assistance of counsel, notwithstanding that his petition is both successive and untimely. *See* Ariz. R. Crim. P. 32.4(a) ("Any notice [of post-conviction relief] not timely filed may only raise claims pursuant to Rule 32.1(d), (e), (f), (g) or (h)."); Ariz. R. Crim. P. 32.2(b) (requiring trial court to dismiss successive notice of post-conviction relief if it fails to "set forth the substance of the specific exception and the reasons for not raising the claim in the previous petition or in a timely manner"). We review the summary dismissal of a petition for post-conviction relief for abuse of discretion. *State v. Bennett*, 213 Ariz. 562, 566, ¶ 17, 146 P.3d 63, 67 (2006).

¶5 The trial court did not abuse its discretion in ruling that Navejas failed to establish a claim of significant change in the law that

would entitle him to relief. In *Martinez*, the Supreme Court held that "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." 132 S. Ct. at 1320. This simply means Navejas can seek habeas corpus relief in federal court based on ineffective assistance of trial counsel if he can first show either he had no counsel in his first post-conviction relief proceeding or counsel in his first post-conviction relief proceeding was ineffective. *Martinez* does not require a state court to consider all untimely claims of ineffective assistance of counsel raised in post-conviction proceedings. *State v. Escareno-Meraz*, 232 Ariz. 586, 587, ¶¶ 5-6, 307 P.3d 1013, 1014 (App. 2013).

¶6          Accordingly, although we grant review, we deny relief.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama