NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

GILBERTO OSORIO-HERNANDEZ, *Petitioner*.

No. 1 CA-CR 14-0756 PRPC
FILED 10-25-2016

Petition for Review from the Superior Court in Maricopa County
No. CR2004-130274-001
The Honorable Robert L. Gottsfield, Judge *Retired*

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Gilberto Osorio-Hernandez, Eloy
*Petitioner Pro Se*

**MEMORANDUM DECISION**

Judge Patricia A. Orozco delivered the decision of the Court, in which Presiding Judge Andrew W. Gould and Judge Peter B. Swann joined.

**O R O Z C O, Judge**:

¶1   Gilberto Osorio-Hernandez petitions for review of the summary dismissal of his second post-conviction relief proceeding. We have considered the petition for review and, for the reasons stated, grant review and deny relief.

¶2   A jury convicted Osorio-Hernandez of six counts of aggravated assault, and he was sentenced to consecutive and concurrent prison terms totaling twenty-five years. This court affirmed his convictions and sentences on appeal. *State v. Osorio-Hernandez*, 1 CA-CR 05-0722 (Ariz. App. Feb. 1, 2007) (mem. decision).

¶3   The superior court summarily dismissed Osorio-Hernandez's first petition for post-conviction relief in 2008. In 2014, he filed an untimely and successive petition for post-conviction relief raising a claim of ineffective assistance of counsel. Ruling that Osorio-Hernandez failed to state a claim for which relief could be granted in an untimely and successive petition for post-conviction relief, the superior court summarily dismissed the notice. This petition for review followed.

¶4   Relying on *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), Osorio-Hernandez argues the superior court erred in ruling he is precluded from raising a claim of ineffective assistance of counsel in an untimely and successive post-conviction relief proceeding. His reliance on *Martinez* is misplaced. In *Martinez*, the Supreme Court determined that, as a matter of equity, as opposed to a matter of constitutional right, a non-pleading defendant may be able to obtain federal habeas review of a claim that was procedurally defaulted if he can show ineffective assistance of his first post-conviction counsel. 132 S. Ct. at 1319-20. As explained in *State v. Escareno-Meraz*, 232 Ariz. 586, 587, ¶¶ 4-6 (App. 2013), that holding does not apply to Arizona post-conviction proceedings. In Arizona, "a non-pleading defendant may not assert a claim of ineffective assistance of post-conviction counsel," *id*. at ¶ 3 (internal quotation omitted), because such a defendant has "no constitutional right to counsel in post-conviction proceedings" in the first place, *id*. at ¶ 4. Thus, *Martinez* would not permit Osorio-Hernandez to overcome the time limits of Rule 32.4.a of the Arizona Rules of Criminal Procedure.

¶5        Accordingly, although we grant review, we deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA