NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

AHMED JAMAL SHIREH, *Petitioner*.

No. 1 CA-CR 14-0703 PRPC
FILED 10-27-2016

Petition for Review from the Superior Court in Maricopa County
No. CR2011-007436-001
The Honorable Sherry K. Stephens, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Ahmed Jamal Shireh, Florence
*Petitioner*

---

**MEMORANDUM DECISION**

Presiding Judge Kent E. Cattani delivered the decision of the Court, in which Judge Lawrence F. Winthrop and Judge John C. Gemmill[1] joined.

---

**C A T T A N I**, Judge:

¶1         Ahmed Jamal Shireh seeks review of the superior court's order dismissing his petition for post-conviction relief under Rule 32 of the Arizona Rules of Criminal Procedure.  For reasons that follow, we grant review and deny relief.

¶2         After a jury trial, Shireh was convicted of two counts of sexual abuse (both dangerous crimes against children) and one count of aggravated assault.  The court sentenced him to concurrent, presumptive prison terms totaling 11.25 years, and this court affirmed his convictions and sentences on appeal.  *State v. Shireh*, 1 CA-CR 12-0238, 2013 WL 2444196 (Ariz. App. June 4, 2013) (mem. decision).  Shireh then timely filed a first notice of post-conviction relief.  After reviewing the record, appointed counsel found no colorable claims; Shireh did not file a pro se petition, although permitted to do so.  The court then dismissed the proceeding.

¶3         Several months later, Shireh filed a second notice of post-conviction relief.  Although he identified newly discovered evidence and actual innocence as claims he intended to raise, his petition presented as grounds for relief only an alleged due process violation and ineffective assistance of trial, appellate, and Rule 32 counsel.  The superior court dismissed the petition, reasoning that ineffective assistance of post-conviction counsel was not a colorable claim and that all claims Shireh raised were untimely under Rule 32.4(a) and precluded under Rule 32.2(a)(2).  This petition for review followed.

¶4         We review dismissal of a petition for post-conviction relief for an abuse of discretion, *State v. Swoopes*, 216 Ariz. 390, 393, ¶ 4 (App. 2007), and we discern no such error in this case.

---

[1]     The Honorable John C. Gemmill, Retired Judge of the Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article VI, Section 3 of the Arizona Constitution.

**¶5**            Shireh's second petition raised issues of due process and ineffective assistance of counsel, both claims of constitutional violations under Rule 32.1(a).  An untimely or successive petition for post-conviction relief, however, may not raise Rule 32.1(a) claims; only claims under Rule 32.1(d) (sentence expired), (e) (newly discovered evidence), (f) (no fault for failure to timely file notice of post-conviction relief), (g) (significant change in the law), or (h) (actual innocence) are cognizable in an untimely or successive petition.  Ariz. R. Crim. P. 32.2(b), 32.4(a).

**¶6**            Moreover, the only claim Shireh could not have raised earlier — ineffective assistance of post-conviction counsel — is not colorable. Because non-pleading defendants have no constitutional right to counsel in post-conviction proceedings, a claim of Rule 32 counsel's ineffectiveness is not cognizable.  *See State v. Escareno-Meraz*, 232 Ariz. 586, 587, ¶ 4 (App. 2013).

**¶7**            Accordingly, the superior court properly dismissed Shireh's petition.  We therefore accept review and deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA