NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

VIRGIL RAY HAMPTON, *Petitioner*.

No. 1 CA-CR 15-0214 PRPC
FILED 5-18-2017

Petition for Review from the Superior Court in Maricopa County
No. CR2007-143631-001 DT
No. CR2008-110278-001 DT

The Honorable Steven K. Holding, Judge *Pro Tempore*

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane M. Meloche
*Counsel for Respondent*

Virgil Ray Hampton, Kingman
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge James P. Beene joined.

---

**W I N T H R O P**, Judge:

¶1        Petitioner, Virgil Ray Hampton, petitions for review of the dismissal of his second petition for post-conviction relief. We have considered the petition for review and, for the reasons stated, grant review but deny relief.

¶2        A jury found Hampton guilty of unlawful flight from a law enforcement vehicle and tampering with physical evidence in Maricopa County Cause No. CR2007-143631-001 DT. A second jury found him guilty of resisting arrest and misconduct involving weapons in Maricopa County Cause No. CR2008-110278-001 DT. This court affirmed the convictions and sentences on appeal, and Hampton filed timely petitions for post-conviction relief in both cases, alleging claims of ineffective assistance of trial counsel. The petitions were summarily dismissed by the superior court in July 2011.

¶3        In January 2015, Hampton filed an untimely consolidated second petition for post-conviction relief in both cases, alleging his trial counsel provided ineffective assistance with regard to a joint plea offer and that he was entitled to raise this claim in a second petition for post-conviction relief under the "*Martinez* [e]xception." Ruling that Hampton had failed to state a claim for which relief could be granted in an untimely and successive petition for post-conviction relief, the superior court summarily dismissed the petition.

¶4        Relying on *Martinez v. Ryan*, 566 U.S. 1 (2012), Hampton argues the superior court erred in ruling he is precluded from raising a claim of ineffective assistance of counsel in an untimely and successive post-conviction relief proceeding. His reliance on *Martinez* is misplaced. In *Martinez*, the Supreme Court held that, as a matter of equity, a non-pleading defendant may be able to obtain federal habeas review of a claim that is procedurally barred if he can show ineffective assistance of his first post-conviction counsel. 566 U.S. at 15-17. However, as explained in *State v. Escareno-Meraz*, 232 Ariz. 586, 587, ¶¶ 4-6, 307 P.3d 1013, 1014 (App. 2013),

*cert. denied*, 134 S. Ct. 1943 (2014), the holding in *Martinez* does not apply to Arizona post-conviction proceedings, and thus does not permit Hampton to overcome the time limits of Arizona Rule of Criminal Procedure 32.4(a). Non-pleading defendants like Hampton "have no constitutional right to counsel in post-conviction proceedings," *Escareno-Meraz*, 232 Ariz. at 587, ¶ 4, 307 P.3d at 1014, and therefore a claim of ineffective assistance of Rule 32 counsel is not cognizable under Rule 32.1. Nor can the underlying claim of ineffective assistance of trial counsel be directly raised in an untimely and successive post-conviction proceeding. *See* Ariz. R. Crim. P. 32.4(a); *State v. Petty*, 225 Ariz. 369, 373, ¶ 11, 238 P.3d 637, 641 (App. 2010). Thus, the superior court did not err in summarily dismissing Hampton's second petition for post-conviction relief.

¶5        Accordingly, although we grant review, we deny relief.



AMY M. WOOD • Clerk of the Court
FILED: AA

3