NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

SHAWN WAYNE BURNS, *Petitioner*.

No. 1 CA-CR 15-0859 PRPC
FILED 6-22-2017

Petition for Review from the Superior Court in Maricopa County
No. CR2014-112272-001
The Honorable David B. Gass, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Shawn Wayne Burns, Eloy
*Petitioner*

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen delivered the decision of the court, in which Judge Patricia K. Norris and Judge Jennifer B. Campbell joined.

**J O H N S E N**, Judge:

¶1         Shawn Wayne Burns petitions for review of the summary dismissal of his untimely notice of post-conviction relief filed pursuant to Arizona Rule of Criminal Procedure ("Rule") 32.4. We have considered the petition for review and, for the reasons stated, grant review but deny relief.

¶2         Burns pled guilty to taking the identity of another with one prior conviction. The superior court sentenced him as a repetitive offender to an aggravated five-year prison term. More than ten months after his sentencing, Burns filed a notice of post-conviction relief, indicating his intent to raise claims of newly discovered material facts, failure to file timely notice of post-conviction relief without fault on his part, actual innocence and ineffective assistance of counsel. Explaining that the notice was untimely under Rule 32.4(a), the superior court summarily dismissed the proceeding, ruling that a claim of ineffective assistance of counsel cannot be raised in an untimely post-conviction relief proceeding and that Burns failed to support his remaining claims with specific facts or explain why the claims could not have been raised in a timely Rule 32 proceeding.

¶3         On review, Burns argues the superior court erred in ruling that he failed to support any non-precluded claims with specific facts and by failing to apply the "*Martinez* exception" to permit review of his claims on the merits. *See Martinez v. Ryan*, 566 U.S. 1 (2012). Under Rule 32.2(b), when a defendant raises a claim for relief in an untimely post-conviction relief proceeding, "the notice of post-conviction relief must set forth the substance of the specific exception and the reasons for not raising the claim . . . in a timely manner." The superior court did not abuse its discretion in concluding that the notice did not provide meritorious reasons excusing the failure to file a timely notice, nor did the notice provide meritorious reasons substantiating the claims. The court correctly ruled that under Rule 32.2(b), an untimely notice of post-conviction relief may not raise a claim of ineffective assistance of counsel. As for claims not waived by untimeliness, the court did not abuse its discretion in finding that Burns failed to supply clear and convincing evidence that the facts would be sufficient to establish that no reasonable fact-finder would have found him guilty, pursuant to Rule 32.1(h), and Burns provided no argument to support any claim of newly discovered evidence.

¶4         In summarily dismissing the notice, the superior court issued a ruling that clearly identified, fully addressed and correctly resolved the claims Burns sought to raise in his notice of post-conviction relief. Further, the court did so in a thorough, well-reasoned manner that will allow any

future court to understand the court's rulings. Under these circumstances, "[n]o useful purpose would be served by this court rehashing the trial court's correct ruling in a written decision." *State v. Whipple*, 177 Ariz. 272, 274 (App. 1993). We therefore adopt the superior court's ruling.

**¶5** Burns has attached an affidavit to his petition for review in support of his contention that his failure to file a timely notice of post-conviction relief was without fault on his part, but this affidavit was never submitted to the superior court. Accordingly, we do not consider it because a petitioner may not supplement a petition for review with additional facts or materials not first presented to the superior court. *State v. Ramirez*, 126 Ariz. 464, 468 (App. 1980); *see also* Ariz. R. Crim. P. 32.9(c)(1). The affidavit he supplied to the superior court with his notice of post-conviction relief contained no facts in support of his contention that his failure to file timely was not his fault.

**¶6** Finally, we reject the argument that Burns is entitled to relief from the summary dismissal of his untimely Rule 32 proceeding pursuant to *Martinez*, 566 U.S. at 16. As explained in *State v. Escareno-Meraz*, 232 Ariz. 586, 587, ¶¶ 4-6 (App. 2013), the holding in *Martinez* concerned federal habeas procedure and established no new constitutional principle applying to post-conviction proceedings under Arizona law. That case therefore does not permit Burns to overcome a failure to comply with the time limits of Rule 32.4(a). Likewise, *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), is of no assistance to Burns because it addresses federal habeas procedure, not Arizona law.

**¶7** For the foregoing reasons, we grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED: AA