NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

ELIZABETH ANN CICOGNI, *Petitioner*.

No. 1 CA-CR 16-0568 PRPC
FILED 6-29-2017

Petition for Review from the Superior Court in Maricopa County
No. CR 00-004812
The Honorable Teresa A. Sanders, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane M. Meloche
*Counsel for Respondent*

Elizabeth Ann Cicogni, Goodyear
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge James P. Beene joined.

---

**W I N T H R O P**, Judge:

¶1 Elizabeth Ann Cicogni seeks review of the superior court's order summarily dismissing her successive and untimely notice of post-conviction relief filed pursuant to Rule 32, Ariz. R. Crim. P. For the following reasons, we grant review but deny relief.

¶2 A jury convicted Cicogni of second degree murder and child abuse. This court affirmed the convictions and sentences on direct appeal. *State v. Cicogni*, 1 CA-CR 01-0634 (Ariz. App. July 18, 2002) (mem. decision).

¶3 In July 2016, Cicogni filed her third notice of post-conviction relief. She claimed to have newly discovered evidence supporting her claim that previous post-conviction relief counsel was ineffective. Noting that Cicogni had "no cognizable claim against prior Rule 32 counsel in [a] proceeding that is not of right," *see State v. Mata*, 185 Ariz. 319, 336-37, 916 P.2d 1035, 1052-53 (1996), the superior court summarily dismissed the notice of post-conviction relief. This petition for review followed.

¶4 Absent an abuse of discretion or error of law, this court will not disturb the superior court's ruling on a petition for post-conviction relief. *See State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19, 278 P.3d 1276, 1280 (2012). Cicogni has not shown an abuse of discretion or error of law.

¶5 Although not raised below, and in apparent response to the superior court's findings, Cicogni cites *Martinez v. Ryan*, 566 U.S. 1 (2012), and argues that her claim is cognizable based on this "change of law." However, as we explained in *State v. Escareno-Meraz*, *Martinez* does not apply to Arizona post-conviction proceedings. 232 Ariz. 586, 587, ¶¶ 4-6, 307 P.3d 1013, 1014 (App. 2013). Non-pleading defendants like Cicogni "have no constitutional right to counsel in post-conviction proceedings," and her claim is therefore not cognizable under Rule 32. *Id.* at ¶ 4. Furthermore, because Cicogni has no constitutional right to effective assistance of post-conviction relief counsel, her newly discovered evidence claim is not colorable–even if true, the claim would not entitle her to relief.

¶6        Accordingly, although we grant review, we deny relief.



AMY M. WOOD • Clerk of the Court
FILED: AA