NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

ROYCE EUGENE ARMBRUSTER, *Petitioner*.

No. 1 CA-CR 16-0327 PRPC
FILED 10-19-2017

Petition for Review from the Superior Court in Maricopa County
No. CR2005-128006-001SE
The Honorable Christopher T. Whitten, Judge

**REVIEW GRANTED AND RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Royce Eugene Armbruster, Tucson
*Petitioner*

---

**MEMORANDUM DECISION**

Presiding Judge Randall M. Howe delivered the decision of the Court, in which Judge Peter B. Swann and Judge Maria Elena Cruz joined.

---

**H O W E**, Judge:

¶1            Royce Eugene Armbruster petitions this Court for review from the dismissal of his petition for post-conviction relief. We have considered the petition for review and for the reasons stated, grant review but deny relief.

¶2            Armbruster was convicted and sentenced to life in prison for first-degree murder, kidnapping, and two counts of aggravated assault. He appealed, and this Court affirmed the convictions and sentences. *State v. Armbruster*, 1 CA-CR 10-0068, 2011 WL 2937202 (Ariz. App. Sep. 7, 2011) (mem. decision).

¶3            In June 2014, Armbruster untimely petitioned for post-conviction relief ("PCR"), in which he raised ineffective assistance of counsel claims. The trial court summarily dismissed. Armbruster did not petition for review. In February 2016, Armbruster filed a successive PCR. He raised claims of "constitutional structural error" based on an "actual irreconcilable conflict of interest." He argued that "[w]hen the Rule 32 appointed counsel refused to find any colorable claims, [sic] to raise on the defendant's behalf, because of counsel's actual irreconcilable conflict of interest [sic]." Finding the claims untimely and precluded, the trial court summarily dismissed.

¶4            Armbruster maintains on review that he was deprived of his right to counsel and to effective assistance of counsel in his post-conviction relief proceeding. Although unclear, Armbruster appears to argue that because counsel in his first PCR did not raise any colorable claim, he was essentially denied his right to counsel, and that counsel's action created an irreconcilable conflict.[1] He further argues that the claim is not waived because the error is structural. Whether Armbruster knowingly waived this claim is not dispositive because non-pleading defendants like Armbruster

---

[1]            We note that Armbruster did not have counsel in his first PCR.

"have no constitutional right to counsel in post-conviction proceedings; thus, despite the existence of state rules providing counsel, a claim that Rule 32 counsel was ineffective is not a cognizable ground for relief in a subsequent Rule 32 proceeding." *State v. Escareno-Meraz*, 232 Ariz. 586, 587 ¶ 4 (App. 2013). Thus, contrary to Armbruster's argument, his PCR was properly subject to summary dismissal.

**¶5**       Accordingly, we grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED: AA