NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA,
*Respondent*,

*v.*

BRIAN ADRIAN ORTIZ,
*Petitioner*.

No. 1 CA-CR 19-0355 PRPC

FILED 3-24-2020

Appeal from the Superior Court in Maricopa County
No.  CR2013-453402-001
The Honorable Jo Lynn Gentry, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Brian Adrian Ortiz, Buckeye
*Petitioner*

Maricopa County Attorney's Office, Phoenix
By Andrea L. Kever
*Counsel for Respondent*

---

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Randall M. Howe and Judge Michael J. Brown joined.

---

**T H U M M A**, Judge:

¶1 Petitioner Brian Adrian Ortiz seeks review of the superior court's order denying his petition for post-conviction relief, filed pursuant to Arizona Rule of Criminal Procedure 32 (2020).[1] This is petitioner's second petition.

¶2 In July 2014, a jury found Ortiz guilty of aggravated assault, a Class 4 felony; resisting arrest, a Class 6 felony; and criminal trespass, a Class 6 felony, all committed in November 2013. The jury found aggravating circumstances and the court found Ortiz had four historical prior felony convictions. He was sentenced to concurrent prison terms, the longest of which was 12 years, with appropriate presentence incarceration credit. His convictions and sentences were affirmed on direct appeal. *State v. Ortiz*, 1 CA-CR 15-0624 (Ariz. App. Dec. 6, 2016) (mem. decision).

¶3 In February 2017, Ortiz filed a notice of post-conviction relief, his court-appointed counsel then filed a notice that no claims for relief could be identified. Ortiz filed a pro se petition, which the superior court denied, and this court dismissed his petition for review as untimely.

¶4 In December 2018, Ortiz filed this second petition for post-conviction relief. The superior court summarily dismissed the claim as successive and found Ortiz failed to state a claim for relief. Ortiz timely sought review by this court.

¶5 Ortiz alleges his trial counsel (including counsel who pressed a motion for new trial), his appellate counsel and his Rule 32 counsel were ineffective and the superior court abused its discretion during trial.

---

[1] Rule 32, effective during the superior court's hearings, was amended pursuant to Arizona Supreme Court Order No. R-19-0012 effective January 1, 2020. Because there were no substantive changes, this court cites the current version.

**¶6**  As for Ortiz's claims of ineffective assistance by his trial and his appellate counsel, as well as his claims the superior court abused its discretion during trial, those claims are precluded. *See* Ariz. R. Crim. P. 32.2(a)(2). Those claims were resolved on the merits on Ortiz's direct appeal and prior petition. As to Ortiz' claims that his Rule 32 counsel was ineffective, because he was found guilty at trial (meaning he is a non-pleading defendant), he has "no constitutional right to counsel in post-conviction proceedings; thus, despite the existence of state rules providing counsel, a claim that Rule 32 counsel was ineffective is not a cognizable ground for relief in a subsequent Rule 32 proceeding." *State v. Escareno-Meraz*, 232 Ariz. 586, 587 ¶ 4 (App. 2013) (citing cases).

**¶7**  Ortiz also raises a newly discovered evidence claim. Although this claim is not subject to preclusion under Rule 32.2(a)(3), Ortiz needed to "explain the reasons for not raising the claim in a previous notice or petition, or for not raising the claim in a timely manner." Ariz. R. Crim. P. 32.2(b). Ortiz provided this court with an affidavit from the officer Ortiz assaulted. The officer signed the affidavit in September 2015, more than a year before Ortiz filed his first petition for post-conviction relief. Ortiz has provided no reason for why he did not rely on this evidence in his first petition for post-conviction relief. *See id.* Accordingly, his newly discovered evidence claim fails.

**¶8**  For these reasons, this court grants review but denies relief.



AMY M. WOOD • Clerk of the Court
FILED: AA