NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

GARY ROBERTS, *Petitioner*.

No. 1 CA-CR 24-0364 PRPC

FILED 03-27-2025

Petition for Review from the Superior Court in Maricopa County
No. CR2020-126019-002
The Honorable Suzanne E. Cohen, Judge

**REVIEW GRANTED; RELIEF DENIED**

APPEARANCES

Gary Roberts, Eloy
*Petitioner*

Maricopa County Attorney's Office, Phoenix
By Douglas Gerlach
*Counsel for Respondent*

_____

**MEMORANDUM DECISION**

Judge D. Steven Williams delivered the Court's decision in which Presiding Judge Jennifer M. Perkins and Judge James B. Morse Jr. joined.

_____

**W I L L I A M S**, Judge:

¶1   Gary Roberts petitions this court to review the superior court's order dismissing his second petition for post-conviction relief ("PCR") filed under Arizona Rule of Criminal Procedure ("Rule") 32. For the following reasons, we grant review but deny relief.

¶2   At the conclusion of a nine-day trial, the superior court instructed the jury, _inter alia_, regarding the victim's absence from the trial:

> There has been information presented that [the victim] is deceased. Her death is not due to any wrongdoing on the defendant's part. The fact she passed away is not related to the defendant in any way. You are not to consider her death as any indication of the defendant's guilt or innocence.

¶3   After deliberation, the jury convicted Roberts of one count of armed robbery, one count of first-degree burglary, one count of kidnapping, and two counts of aggravated assault with a deadly weapon. Before sentencing, Roberts also pled guilty to an additional felony of misconduct involving weapons. The court sentenced him to concurrent and consecutive prison terms totaling 36 years with 471 days of presentence incarceration credit.

¶4   On direct appeal, this court affirmed Roberts' convictions and sentences. _State v. Roberts_, No. 1 CA-CR 22-0028, 2022 WL 17420046 (Ariz. App. Dec. 6, 2022) (mem. decision).

¶5   Roberts then filed his first petition for PCR. In it, he raised an ineffective assistance of counsel ("IAC") claim arguing his appellate attorney had failed to raise the issue of prosecutorial misconduct stemming from comments the prosecutor made about the victim's death. Roberts alleged the prosecutor's comments were "an inflammatory appeal to the emotions of the jury, [and] depriv[ed] [Roberts] of Constitutional Rights." Roberts also claimed it was prosecutorial misconduct for the prosecutor to tell the jury the victim was deceased.

**¶6** The superior court dismissed the prosecutorial misconduct claim relying upon this court's decision in the direct appeal: "The Court of Appeals addressed the issue of the jury being told of the [victim's] death, and specifically trial counsels claim of prosecutorial misconduct. The Court of Appeals found no prejudice." As to the IAC claim, the superior court found it to be "unsubstantiated" because Roberts failed to show that "had Appellate counsel argued prosecutorial misconduct[,] the result would have been different."

**¶7** Roberts' second petition for PCR is the subject of our review here. In it, Roberts raised several additional claims. He first argued the superior court lacked subject matter jurisdiction because the grand jury issued an indictment based upon perjury (Rule 32.1(b)). Roberts also made several Rule 32.1(a) claims including IAC, prosecutorial misconduct, violation of his due process rights, and insufficient evidence to support the convictions. Finally, Roberts claimed that newly discovered material facts supported relief (Rule 32.1(e)), that his sentences were illegal (Rule 32.1(c)), that a significant change in law occurred which would entitle him to relief (Rule 32.1(g)), and that he is innocent (Rule 32.1(h)).

**¶8** The superior court concluded it had subject matter jurisdiction because Roberts failed to provide any evidence of perjury other than vague allusions to a forthcoming affidavit. Additionally, the court found the indictment was supported on independent grounds. The court dismissed the 32.1(a) claims because Roberts could have raised them in his direct appeal or in his first petition for PCR, and therefore, they were precluded. Roberts' remaining claims were dismissed because he failed to provide any new material facts to support his Rule 32.1(e) claim and made "no effort to develop [his Rule 32(c), (g), and (h)] claims." This court has jurisdiction under A.R.S. §§ 13-4031, -4239(C), and Rule 32.16(a).

**¶9** Roberts now argues he should have been granted an evidentiary hearing because his IAC and prosecutorial misconduct claims, "if . . . true[, might] have changed the outcome."

**¶10** Absent an abuse of discretion or error of law, this court will not disturb a superior court's ruling on a petition for PCR. *State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19 (2012). It is petitioner's burden to show that the superior court abused its discretion by denying the petition for PCR. *See State v. Poblete*, 227 Ariz. 537, 538, ¶ 1 (App. 2011) (petitioner has burden of establishing abuse of discretion on review).

¶11 Roberts makes several prosecutorial misconduct claims. He first argues the State committed perjury to the grand jury by presenting false hearsay testimony and by stating that Roberts' mother fully inculpated him when, according to Roberts, "she fully exculpated [him] as to several of the allegations." But the only evidence Roberts provides to this court is an affidavit from his mother that was never presented to the superior court. We, therefore, don't consider it. Additionally, Roberts reasserts his claim the State improperly discussed the victim's murder during trial. Each of these prosecutorial misconduct claims is precluded because each was either raised previously or should have been raised during his direct appeal. *Roberts*, 1 CA-CR 22-0028, at *2–*4, ¶¶ 14–20; Ariz. R. Crim. P. 32.2(a)(3); *State v. Vitasek*, No. 1 CA-CR 19-0419 PRPC, 2020 WL 949561, at *2, ¶ 9 (Ariz. App. Feb. 27, 2020) (mem. decision).

¶12 Roberts further claims the State committed perjury at trial and "destroyed *Brady*, *Davis*, [and] Rule 15.1 material," namely video recordings of his mother's interview with police. But because Roberts did not first raise these issues in the superior court, we do not address them here. *State v. Ramirez*, 126 Ariz. 464, 468 (App. 1980).

¶13 Roberts also contends his attorney failed to provide effective assistance either at trial or with his first petition for PCR because his attorney did not call, depose, or obtain affidavits from the witnesses that presented "factually incorrect and abjectly false" hearsay testimony "to obtain both the Indictment and the conviction." Roberts maintains that by failing to even "provide a rebuttal to or impeachment of the State's witnesses' misrepresentations," his attorney deprived him of his right to effective assistance of counsel. Specific to his first petition for PCR, Roberts claims his attorney failed to present any arguments relevant to the "destroyed *Brady*, *Davis*, [and] Rule 15.1 material."

¶14 But Roberts is precluded from bringing any IAC claims against his trial attorney because Roberts could have raised them in his first petition for PCR. *State v. Spreitz*, 202 Ariz. 1, 2, ¶ 4 (2002). As to the IAC claims against his PCR attorney, Roberts fails to state a cognizable ground for relief because "[n]on-pleading defendants . . . have no constitutional right to counsel in post-conviction proceedings." *State v. Escareno-Meraz*, 232 Ariz. 586, 587, ¶ 4 (App. 2013).

¶15 On this record, Roberts has failed to show the superior court abused its discretion in denying his second petition for PCR. And although Roberts insists "he must be given an opportunity to correct errors" because

he is representing himself, this court does not "extend special treatment" to litigants proceeding *in propria persona*. *Smith v. Rabb*, 95 Ariz. 49, 53 (1963).

¶16         For those reasons, we grant review but deny relief.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:            JR