NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

BRAD ELLIOUT PORTER, JR., *Petitioner*.

No. 1 CA-CR 25-0255 PRPC

FILED 02-02-2026

Petition for Review from the Superior Court in Maricopa County
No. CR2022-145434-001
The Honorable Utiki Laing, Judge *Pro Tempore*

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Brad Elliout Porter, Buckeye
*Petitioner*

Maricopa County Attorney's Office, Phoenix
By Faith Cheree Klepper
*Counsel for Respondent*

**MEMORANDUM DECISION**

Judge Andrew J. Becke delivered the decision of the Court, in which
Presiding Judge Samuel A. Thumma and Judge Kent E. Cattani joined.

**B E C K E**, Judge:

¶1            Petitioner Brad Porter seeks review of the superior court's summary dismissal of his first post-conviction proceeding under Arizona Rule of Criminal Procedure 33. "We will not disturb that ruling unless the court clearly has abused its discretion." *State v. Escareno-Meraz*, 232 Ariz. 586, 586, ¶ 1 (App. 2013). For the reasons below, we grant review but deny relief.

¶2            The State charged Porter with two counts of aggravated driving under the influence of intoxicating liquor or drugs and one count of possession or use of narcotic drugs. His driving under the influence charges were aggravated because his license was suspended at the time of the offenses. All three counts were Class 4 felonies and alleged to have occurred in December 2020 in Maricopa County.

¶3            Porter entered into a written plea agreement in June 2023. Under the terms of the agreement, Porter pled guilty to one count of aggravated driving under the influence and the remaining charges were dismissed. After a colloquy, the court accepted that guilty plea in June 2023.

¶4            In April 2024, Porter waived his right to counsel, and in May 2024, he moved to withdraw from his guilty plea, alleging manifest injustice. In June 2024, he again moved to withdraw from his guilty plea, alleging manifest injustice, and requested a hearing. Porter's manifest injustice claims included that his former attorney did not provide him sufficient information and used "fear" to get him to sign the plea agreement. After conducting a hearing, the superior court denied Porter's motions to withdraw from the plea.  Porter was sentenced to three years in prison, a less than presumptive prison term that was consistent with the terms of the plea agreement, with 213 days of presentence incarceration credit.

¶5            Porter then filed this pro se petition for post-conviction relief, alleging: (1) the plea agreement precluded a prison sentence for two of his charges; (2) his sentence was outside the guideline range; (3) his sentence was excessive; (4) the prior conviction used to enhance his sentence was not an "historical prior conviction"; (5) probation in his case was mandatory; (6) his presentence credit was not properly calculated; (7) his counsel failed to provide him with any discovery or evidence before he signed the plea agreement; (8) the judge showed bias in favor of the state by not requiring it to respond to his motions to withdraw from the guilty plea; and (9) the arresting officer forced or coerced his blood test.

¶6            Porter also alleged that there was newly discovered evidence that his municipal fines were up to date the day before the offense was committed so the charges should not have been aggravated based on a suspended license. In support of the allegation that his fines had been paid, Porter attached a receipt showing payment of a *portion* of the fines, but no evidence that the partial payment cured his license suspension.

¶7            The State's response contended that Porter's ineffective assistance of counsel claims failed because he did not provide evidence to support them. *See* Ariz. R. Crim. P. 33.7(e) ("The defendant must attach to the petition any affidavits, records, or other evidence currently available to the defendant supporting the allegations in the petition."). The court summarily dismissed the post-conviction relief petition, stating that it was doing so for the reasons set forth in the State's response.

¶8            In his petition for review, Porter argues his trial counsel was ineffective by allegedly withholding evidence before advising Porter to sign the plea agreement, and also by failing to show Porter evidence of his license suspension. Porter does not reassert the other claims he made before the superior court.

¶9            To state a colorable claim of ineffective assistance of counsel, "the defendant must show that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "To establish deficient performance during plea negotiations, a petitioner must prove that the lawyer either (1) gave erroneous advice or (2) failed to give information necessary to allow the petitioner to make an informed decision whether to accept the plea." *State v. Donald*, 198 Ariz. 406, 413, ¶ 16 (App. 2000). A petitioner "must provide specific factual allegations that, if true, would entitle him to relief." *Id.* at ¶ 17. These allegations should be supported "by sworn statements or . . . a satisfactory explanation of their absence." *Id.*

¶10           Porter's first ineffective assistance of counsel claim alleges his attorney was deficient by "withholding evidence" and by advising Porter to sign the plea agreement. But Porter does not specify what evidence was missing or how this prejudiced him. Accordingly, this claim fails. *Id.*

¶11           Porter also argues his counsel was ineffective by failing to show him proof that his license was suspended, which he contends is required by A.R.S. § 28-1383(c). However, that statute describes the circumstances under which notice to a person of their license suspension is effective for aggravated driving under the influence purposes. A.R.S. § 28-

1383(c). It does not require defense counsel to show proof of license suspension to his or her client. *See* A.R.S. §§ 28-1383(c), -3318. Moreover, in the plea colloquy with the court, Porter admitted both that his privilege to drive was suspended on the date of the offense and that he had reason to know his license was suspended as the State had given him proper notice. Therefore, Porter's claim was properly dismissed.

**¶12**　　　　Porter argues for the first time in his petition for review that his counsel improperly advised him to waive a preliminary hearing and that counsel had plea negotiations without Porter present. Because Porter did not make these arguments in his petition for post-conviction relief, we do not address them. *See State v. Ramirez*, 126 Ariz. 464, 468 (App. 1980) (holding that the appellate court will not address arguments made for the first time in a petition for review); Ariz. R. Crim. P. 33.16(c)(2)(B) ("A petition . . . for review must contain . . . a statement of issues the trial court decided that the defendant is presenting for appellate review."). We likewise do not address Porter's claims, raised for the first time in his petition for review, that prosecutorial misconduct warrants relief.

**¶13**　　　　For these reasons, we grant review but deny relief.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:　　　　JR