NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

LUIS MIGUEL LOPEZ MENDOZA, *Petitioner*.

No. 1 CA-CR 18-0419 PRPC
FILED 12-20-2018

Petition for Review from the Superior Court in Maricopa County
No. CR2016-156671-001
The Honorable Erin Otis, Judge

**REVIEW GRANTED; RELIEF DENIED**

APPEARANCES

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Luis Miguel Lopez Mendoza, Florence
*Petitioner*

**MEMORANDUM DECISION**

Judge James P. Beene delivered the decision of the Court, in which Presiding Judge Maria Elena Cruz and Judge Jennifer B. Campbell joined.

**B E E N E**, Judge:

¶1	Luis Miguel Lopez Mendoza petitions this Court for review from the dismissal of his petition for post-conviction relief filed pursuant to Arizona Rule of Criminal Procedure ("Rule") 32.	We have considered the petition for review and, for the reasons stated, grant review but deny relief.

¶2	After Mendoza pled guilty to sexual conduct with a minor under the age of 15 and two counts of attempted sexual conduct with a minor under the age of 15, the superior court entered judgment on October 26, 2017, and imposed a 25-year prison term to be followed by lifetime probation.	On May 10, 2018, Mendoza filed a notice for post-conviction relief and requested appointment of counsel.	Finding Mendoza presented no adequate explanation for the delay in filing the notice, the superior court dismissed it as untimely without first appointing counsel.	*See* Ariz. R. Crim. P. 32.4(a)(2)(C) (petitioners must generally file of-right notice of post-conviction relief no later than 90 days after entry of judgment and sentencing).	We review for an abuse of discretion.	*State v. Bowers*, 192 Ariz. 419, 422, ¶ 10 (App. 1998).

¶3	Mendoza concedes that his "Rule 32 proceeding is untimely by more than 3 months in this case."	As he did in superior court, Mendoza attributes the untimeliness to ineffective assistance of counsel ("IAC"), who he claims forgot to file a notice.	*See* Ariz. R. Crim. P. 32.1(f) (failure to file a timely Rule 32 Petition due to no fault of defendant is grounds for relief); *see also State v. Rosales*, 205 Ariz. 86, 89, ¶ 10 (App. 2003) ("Rule 32.1(f) is atypical of the eight possible grounds for post-conviction relief listed in Rule 32.1(a) through (h); it merely provides a procedural mechanism whereby a defendant who has failed to appeal through no fault of his or her own can obtain jurisdiction in this court.").	After discovering counsel did not file a Rule 32 notice, Mendoza asserts he promptly filed one before filing the May 10 notice.	However, as the superior court correctly noted, Mendoza's putative notice does not appear in the record, and Mendoza does not indicate the date he purportedly filed it.	Mendoza does not otherwise corroborate his cursory IAC claim.	The court did not abuse its discretion by summarily dismissing Mendoza's untimely claim of IAC.	*See Strickland v. Washington,* 466 U.S. 668, 687-886, 692-93 (1984) (a colorable claim of ineffective assistance of counsel requires a defendant to show counsel's performance fell below objectively reasonable standards and the deficient performance was prejudicia.); *State v. Santanna,* 153 Ariz. 147, 150 (1987) ("Proof of ineffectiveness must be to a demonstrable reality rather than a matter of speculation.").

¶4        We reject Mendoza's four remaining arguments because they are meritless.  First, he contends "a significant change in the law has occurred that could affect the outcome if applied retroactively to his case." Mendoza, however, does not refer to a statute or any legal precedent, nor does he otherwise explain the change in the law that purportedly occurred. Mendoza also does not sufficiently explain why he failed to file his Rule 32 notice in a timely manner as required by Rule 32.2(b).

¶5        Second, Mendoza asserts "because the trial court [ ] abused its discretion in this case, that the court lost jurisdiction over the subject matter in this case."  This assertion is incorrect; the superior court has jurisdiction over state felony criminal matters, including Rule 32 proceedings.  Ariz. Const. art. 6, § 14; Ariz. R. Crim. P. 32.1, 32.3; *State v. Maldonado*, 223 Ariz. 309, 312-13, ¶¶ 20-21 (2010).

¶6        Third, Mendoza claims an evidentiary hearing was required to address his IAC claim based on counsel's alleged failure to timely file a Rule 32 notice.  Because Mendoza did not raise a colorable IAC claim, however, the superior court properly refrained from conducting a hearing. *See State v. D'Ambrosio*, 156 Ariz. 71, 73 (1988) (noting a defendant who presents a colorable claim is entitled to an evidentiary hearing).

¶7        Finally, to the extent Mendoza contends he was entitled to appointment of Rule 32 counsel, he is incorrect.  His untimely-filed Rule 32 notice was "facially non-meritorious," thus, the court was not required to appoint counsel before dismissing the post-conviction relief proceedings. *See State v. Harden*, 228 Ariz. 131, 134, ¶ 11 (App. 2011).

¶8        We grant review but deny relief.

