NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

JORDAN ROSS HALL, *Petitioner*.

No. 1 CA-CR 21-0119 PRPC
FILED 1-11-2022

Petition for Review from the Superior Court in Maricopa County
No.  CR2013-103974-001
The Honorable Karen A. Mullins, Judge *Retired*

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Amanda M. Parker
*Counsel for Respondent*

Jordan Ross Hall, Kingman
*Petitioner*

---

**MEMORANDUM DECISION**

Chief Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Judge Samuel A. Thumma joined.

---

**C A T T A N I**, Chief Judge:

¶1        Jordan Ross Hall petitions for review from the superior court's dismissal of his first notice of post-conviction relief under Arizona Rule of Criminal Procedure 33.1.  For reasons that follow, we grant review but deny relief.

¶2        In January 2014, Hall pleaded guilty to child molestation, attempted sexual conduct with a minor, and attempted child molestation, all committed against a victim less than 15 years old and all expressly designated as dangerous crimes against children.  In April 2014, the superior court sentenced Hall as stipulated in the plea agreement to a term of 20 years' imprisonment for the first count, to be followed by concurrent terms of lifetime probation for the other counts.  At sentencing, Hall received and signed a notice of rights of review after conviction, which included notice of his right to seek post-conviction relief and the requirement that he file a notice of post-conviction relief "**within 90 days of the entry of judgment and sentence**" should he wish to do so.

¶3        In August 2020, Hall filed his first notice of post-conviction relief.  The notice requested that counsel be appointed and cited grounds for relief under Arizona Rule of Criminal Procedure 33.1(a) (constitutional violations), (c) (illegal sentence), (d) (in custody after sentence expired), (e) (newly discovered evidence), (f) (no fault for untimely filing), and (h) (actual innocence).  Hall's core contention was that he should not have been sentenced under A.R.S. § 13-705, the dangerous-crimes-against-children sentencing statute that he described as "the statute meant for repeat sexual predators who pose a direct and continuing threat to the children of Arizona," arguing that the statute was unconstitutional and that, because his offenses were designated as non-dangerous and non-repetitive, he should have been sentenced to a shorter term of imprisonment under A.R.S. § 13-702(A) as a first-time felony offender.  Hall acknowledged that his notice was untimely but asserted that the late filing was not his fault, citing lack of access to pre-2010 statutes and related authorities due to inadequate

legal resources in prison and ineffective assistance of counsel at sentencing as reasons for the delay.

¶4        The superior court summarily dismissed Hall's post-conviction proceeding without first appointing counsel. The court found that Hall's stated excuses for late filing did not justify a delay of more than six years, that his guilty plea had waived several asserted bases for relief, and that all his arguments failed on the merits. The superior court granted Hall's subsequent request for an extension of time to seek review, and this petition for review followed. We review the superior court's denial of post-conviction relief for an abuse of discretion. *See State v. Poblete*, 227 Ariz. 537, 538, ¶ 1 (App. 2011).

¶5        Here, the superior court did not err by dismissing all claims in Hall's notice—filed more than six years after judgment and sentence—as untimely. Any claim under Rule 33.1(a) asserting constitutional violations must be filed within 90 days after sentencing, Ariz. R. Crim. P. 33.4(b)(3)(A), and untimely Rule 33.1(a) claims are subject to summary dismissal unless the defendant "adequately explains why the failure to timely file a notice was not the defendant's fault." Ariz. R. Crim. P. 33.4(b)(3)(D); *State v. Rosario*, 195 Ariz. 264, 266, ¶ 7 (App. 1999). Similarly, claims under Rule 33.1(b)–(h) must be filed "within a reasonable time after discovering the basis for the claim," Ariz. R. Crim. P. 33.4(b)(3)(B), and such claims raised in an untimely notice are subject to summary dismissal unless the defendant "provide[s] sufficient reasons why the defendant did not raise the claim . . . in a timely manner." Ariz. R. Crim. P. 33.2(b)(1).

¶6        Hall's petition for review "contests" the superior court's determination that he failed to offer an adequate explanation for untimely filing, but he offers no substantive argument to support his position, instead—and impermissibly—attempting to incorporate by reference assertions from his notice of post-conviction relief. *See* Ariz. R. Crim. P. 33.16(c)(2)(D) (requiring the petition for review to include developed arguments supporting the relief requested), 33.16(d) (prohibiting incorporation by reference); *State v. Hess*, 231 Ariz. 80, 83–84, ¶ 13 (App. 2012) (disapproving incorporating arguments by reference); *State v. Stefanovich*, 232 Ariz. 154, 158, ¶ 16 (App. 2013) (requiring a petition for review to cite relevant authority and meaningfully develop the supporting argument); *see also State v. Carriger*, 143 Ariz. 142, 146 (1984) (requiring strict compliance with procedural rules for post-conviction relief).

¶7        Moreover, even considering the assertions Hall presented in superior court, Hall failed to provide an adequate explanation for his over-

six-year delay in filing a first notice of post-conviction relief. As the superior court observed, Hall received and signed a "notice of rights of review after conviction" at his sentencing, a document that specifically included a warning—in bold lettering—that a notice of post-conviction relief must be filed within 90 days. The notice also informed Hall, who was represented at the time, that he could ask his attorney to seek post-conviction relief and could even file the notice "before you leave the courtroom on the day you are sentenced if you wish." Hall did not and does not allege that this written warning was inadequate to inform him of the time to file for post-conviction relief or that counsel failed to file a notice on his behalf despite a timely request. *Cf. Poblete*, 227 Ariz. at 537, ¶ 6.

¶8 Further, Hall's explanation for not filing for post-conviction relief sooner—that the prison law library did not have and his counsel at sentencing did not provide him pre-2010 statutes and related authorities—does not excuse his six-year delay, particularly given that, by his own account, he had access to the relevant statutes and case law applicable to his offenses (committed in 2012). *See, e.g., State v. Harden*, 228 Ariz. 131, 132, ¶ 4 (App. 2011). Absent any adequate explanation for why Hall was unable to raise his claims in a timely manner, *see* Ariz. R. Crim. P. 33.2(b)(1), 33.4(b)(3)(B), (D), the superior court did not abuse its discretion by summarily dismissing Hall's notice of post-conviction relief in its entirety. *See* Ariz. R. Crim. P. 33.11(a).

¶9 Because Hall's notice was untimely, the superior court was not required to appoint counsel for Hall before dismissing the proceeding. Rule 33.5(a) requires appointment of counsel on request only if an indigent defendant *timely* files a first notice of post-conviction relief. *See also Harden*, 228 Ariz. at 134, ¶ 11. Although Hall asserts that his right to post-conviction counsel is "absolute" under *Martinez v. Ryan*, 566 U.S. 1 (2012), that case simply held that federal habeas corpus review remains available for procedurally defaulted claims of ineffective assistance of trial counsel when the defendant had no post-conviction counsel (or ineffective assistance of post-conviction counsel). *Id.* at 17. *Martinez* did not alter established Arizona law regarding appointment of post-conviction counsel. *Cf. State v. Escareno-Meraz*, 232 Ariz. 586, 587, ¶ 6 (App. 2013).

¶10 Finally, Hall raises a new argument challenging the superior court's subject matter jurisdiction based on the notion that the Arizona Supreme Court ruled § 13-705 unconstitutional and thereby deprived the superior court of subject matter jurisdiction to impose a sentence under that provision. But Hall did not raise this contention in his notice of post-conviction relief, and a petition for review may not raise new issues not first

presented to the superior court. *See* Ariz. R. Crim. P. 33.16(c)(2)(B); *State v. Bortz*, 169 Ariz. 575, 577–78 (App. 1991); *see also State v. Swoopes*, 216 Ariz. 390, 403, ¶ 42 (App. 2007) (noting that there is no review for fundamental error in a post-conviction relief proceeding). Moreover, § 13-705 has not been held unconstitutional. The cases Hall cites did not hold the dangerous-crimes-against-children sentencing provision facially unconstitutional and instead invalidated sentences rendered under a prior version of the statute as unduly harsh as applied under the "specific facts and circumstances" of those cases. *See State v. Davis*, 206 Ariz. 377, 381, 388, ¶¶ 11, 48–49 (2003); *State v. Bartlett*, 171 Ariz. 302, 306–11 (1992).

**¶11**		Accordingly, we grant review but deny relief.

